Judge Ewing
delivered the Opinion of the Court.
The only question, which we deem necessary to determine in this case, is, shall a party who has made out good grounds for a continuance, on account of the absence of witnesses, be ruled to trial upon the admission of his adversary, that his witnesses who are absent, if present, would swear to the facts which he states, he expects to prove by them; or shall he be required to admit the fact proposed to be proven by them?
The common law rule, of confronting the jurors with the witnesses, in a public, oral, examination, has ever been regarded by the wisest jurist, as a most invaluable rule in the ascertainment of truth.
By such an examination, a party has not only the benefit of the naked fact detailed, but also the benefit of the deportment, the manner, the physiognomy, the impression, detail, and intelligent reasons given by his witnesses, which are calculated to force conviction up-, on the triers, and greatly outweigh the same number of witnesses on the other side. Of all these he would be deprived, if compelled to go to trial upon the naked, admission that his witnesses, would swear to the facts which he proposes to prove by them. Such admission, if not forgotten, would make but little impression, amid a consistent and rational detail, of a similar number of witnesses, deposing, orally, to facts of a counteracting character.
His right to bring his witnesses before the jury, is a legal right, and which may be of essential advantage to him, especially in the establishment of controverted facts, and of which he ought not to be deprived. If therefore entitled to a continuance, in such a case, he ought not to be deprived of it by any admission short *299 of the admission of the fact intended to be proved by his absent witnesses.
We perceive no error in the construction given by the Circuit Court to the writing sued on.
Judgment affirmed.