MURPHY, Defendant in Error, v. MURPHY, Plaintiff in Error.

1. Under the practice act (R. C. 1855, p. 1260, § 8, 9,) it is not sufficient to warrant the court to refuse to continue the cause, that the opposite party were ready to admit that the absent witness would swear to the facts proposed to be proved; the truth of the facts must be admitted by the opposite party.

*Error to Andrew Circuit Court.*

*Loan, Davis, Ryland & Son,* for plaintiff in error.

I. The application for a continuance should have been granted. The statute (p. 1260, § 8) is imperative. The application for a continuance, if otherwise good, must be sustained unless the opposite party " shall admit the truth of the facts disclosed in the affidavit and agree that they be received in evidence," in which event the court shall refuse to continue the cause. By observing this provision of the law, no injury can result to the applicant. The jury can do no more than believe all that his witness swears to ; this he gains by the admission that the facts are true, so there can be no need of the witness. Any admission which does not establish the truth of the statements to which the witness would swear, might injure the party applying for a continuance, and it is certainly outside of the law.

*Vories & Vories,* for defendant in error.

I. Section 8, on page 1260 of the revised code, provides that in case of a second application for a continuance, on account of absent witnesses, the party shall, if so required by the court, set forth the name of the witness and the facts which he is expected to prove. Section 9 provides that if the opposite party shall admit the truth of the facts disclosed, and agree that they be received in evidence, the court shall refuse the continuance. This makes it imperative upon the court to refuse the continuance if the truth of the facts is admitted and given in evidence ; but as continuances under other circumstances not specially provided for

in the statute are and must be very much in the discretion of the court, this court will not interfere with said discretion unless it plainly appears that such discretion has been refused and the party injured thereby. (Tunleigh v. The State, 8 Mo. 611.) The statute declares that the court shall refuse a continuance where the supposed state of facts exists; but it does not prohibit the court from, in its discretion, refusing a continuance under other circumstances that might appear to the court when justice would demand it. (Lanat v. Collier, 1 Martin, 78.)

NAPTON, Judge, delivered the opinion of the court.

We have felt no hesitation upon the point discussed in this case concerning the construction of our statute. An admission that the absent witness would swear to the facts disclosed in the affidavit for a continuance, is not such an admission as is required by the ninth section of the tenth article of our practice act. To authorize the court to compel a party to go on with his case in the absence of his witness, the opposite party must admit the truth of the facts proposed to be proved by the absent witness, and not merely that he will swear to them. This, it is true, gives the party an advantage on this point, which he would not have if his witness was present; but as he has a strict right to a continuance under the general provision on this subject, it was perhaps not thought just to deprive him of this right without such a concession from his adversary as would plainly take from him all cause of complaint. Besides, this is the plain letter of the law, hardly admitting of any other than a literal construction.

The principal difficulty in this case arises out of the course pursued by the defendant upon his application for a continuance being overruled. He abandoned the case, taking no bill of exceptions giving a history of the trial which took place subsequent to this ruling of the court.

There are undoubtedly errors committed in the progress of a cause, which may not be fatal to the judgment, by reason

of anterior, attendant or subsequent circumstances disclosed by the bill of exceptions. An erroneous instruction may turn out to be harmless, or an improperly excluded. deposition may appear to be irrelevant, and the history of a trial may show that errors have not been prejudicial to the party complaining. In such cases, the court does not necessarily reverse the judgment. A deposition may be excluded by the court that tries a case for want of proper authentication, and this court may be of opinion that the authentication is good, yet if the deposition itself is not preserved, so that it can be seen whether it relates to any matter material to the issue, this court does not notice the error. But, in this case, the application for a continuance was supported by the requisite affidavit, and the testimony proposed was competent. What influence the excluded testimony would have had upon the verdict, it is not for us to conjecture. It is sufficient that the testimony was competent and relevant, and that this competency and relevancy are shown by a bill of exceptions preserving the proffered evidence, and that the party was not allowed an opportunity of producing it. Of what avail, then, would the history of the subsequent trial be? or what subsequent circumstances could have rendered this evidence incomplete? It might be cumulative, or it might turn out to be upon a point upon which the case ultimately did not turn, but this does not authorize a court to exclude evidence.

Whilst, therefore, we think the practice of abandoning a case, upon a single exception, to be a dangerous experiment to the party relying on such error alone for a reversal, yet we have, with some hesitation, concluded it most in conformity to the established practice of this court, to reverse this judgment for the error in refusing a continuance, notwithstanding the failure of the party to take a bill of exceptions detailing the subsequent course of the trial.

Judgment reversed and cause remanded; Judge Ewing concurs. Judge Scott absent.