AUSTIN RAPID TRANSIT RAILWAY COMPANY
V. CHARLES GROTHE.

No. 298.

**1. Fellow Servants—Street Railway.**

It is questioned, but not decided, whether the Act of March 10, 1891, Acts Twenty-second Legislature, chapter 24, applied to street railway companies ................................................................... 263

**2. Vice-Principal.**

See facts where the evidence raised the issue whether the employe of the street railway, through whose negligence it was claimed the injury resulted, was the vice-principal over the plaintiff at time of the injury, so as to render the company liable. See charge fairly presenting the issue ..........263, 264

**3. Same.**

There being no conflict in the testimony, that the employe, under whose control plaintiff claimed he was at time of the injury, had the power to employ and discharge those under him, it was not error to refuse to submit the matter to the jury ................................................................. 264

ERROR to Court of Civil Appeals for Third District, in an appeal from Travis County.

*Fisher & Townes,* for plaintiff in error.—1. The charge of the court makes the power to direct and control the sole test of whether the party was a vice-principal or a fellow servant.

2. The great preponderance of the testimony is to the effect that Eggling was not the vice-principal of appellant as to appellee, but that they were fellow servants.

The testimony shows, that Eggling was the representative in charge of the track hands, and that appellee belonged to that department of the service, and was under Eggling while so employed. One Markel was the party in charge of the repair and car shops, who had full control there. On these general propositions there is no controversy. As

to the facts with regard to particulars of the repair of this car, the witnesses differ, Lehman and appellee testifying that they were at that time working under Eggling, and Eggling and Urie denying this, and stating that Markel was in charge as to all the work in the car sheds, and Eggling was a fellow servant with appellee when at such work.

*Wheeless & Harris*, for defendant in error.

GAINES, CHIEF JUSTICE.—The writ of error was granted in this case, because we were inclined to the opinion that the charge of the court upon the law of fellow servants was erroneous. It was alleged in the petition, among other averments, that the plaintiff in the court below, the defendant in error, was injured through the negligence of one Eggling, and that while they were at the time of the injury both servants of the defendant company, the plaintiff was subject to the superintendence and control of Eggling, and that Eggling had the power to employ and discharge servants who were subject to his authority. The court charged the jury, in substance, that if the defendant company had intrusted Eggling with the authority of superintendence and control over the plaintiff, then Eggling was not his fellow servant, but a vice-principal within the meaning of the law, and that the company would be liable if the plaintiff was injured through the negligence of Eggling. It seems to us, that in giving this instruction the court proceeded upon the theory, that the Act of the Legislature, approved March 10, 1891, which declares who are and who are not to be deemed fellow servants of "railway corporations," applies not only to ordinary railroad companies, but also to street railway corporations. We seriously doubt if this be a correct construction of the statute; but after examining the full record of the proceedings in the trial court, we think it unnecessary to decide the question.

The facts as proved upon the trial, in so far as they bear upon the question of the defendant company's liability for Eggling's negligence, were, that at the time of the accident he was track foreman of the company, charged with the duty of repairing its track and laying new track when required, and that the plaintiff was a member of his gang and subject to his control; and that one Markel was foreman of the company's shops, and had control over the hands who ordinarily worked in the shops. On the afternoon of the day on which the plaintiff was injured, Eggling went to assist in the shops, and while there working the plaintiff received the injuries for which he brought suit. There was a question in the case, whether the plaintiff went to work in the shops purely of his own volition, or whether he did so in obedience to the orders of Eggling. Upon this point there was a conflict in the testimony. The plaintiff and another witness testified, that Eggling had the power to employ and discharge the hands who were subject to his control. Eggling, in his testimony, denied that he had the power to employ or discharge the hands who worked in the

shop, but did not deny that he had this power in his own department. We think, therefore, it should be assumed as an undisputed fact, that he had such power. It seems, also, not to have been controverted that Markel had the same power over the hands who ordinarily worked in the shops. Markel was absent at the time the accident occurred; they were raising a car for the purpose of putting trucks under it, and Eggling was giving the plaintiff directions about the work. He claimed, however, that he was merely repeating in German the orders of one Caple, who had charge in Markel's absence, because the plaintiff did not understand English. The defendant's theory upon this branch of the case was very fully presented in a charge which was given by the court at the request of the counsel. In that charge the jury were told, in effect, that if on the day in question Markel had engaged the plaintiff to work in the shops, and that Markel had the power to employ and discharge the hands so working there on that occasion, and that no other person then present had that power, then that the plaintiff could not recover for the negligence of any one of his coworkers. In other words, the jury were told, in substance, that if the plaintiff voluntarily took the employment in the shop at Markel's solicitation, and not in obedience to the orders of Eggling, then that the defendant was not liable for the negligence of the latter. On the other hand, the plaintiff's theory as to this matter was, that he went to work in the shop at Eggling's command, and that while working there he was still acting under his original employment, and was subject to Eggling's control. The charge complained of presented this theory of the case, and since it was an undisputed fact that Eggling had the power to employ and discharge the hands over whom he had superintendence, we do not see that the defendant was prejudiced by the failure to submit to the jury in that connection the question of such power. If the court had expressly assumed in his charge that Eggling had the power to employ and discharge the servants of the company who were subject to his superintendence, and had instructed them, that if at the time of the accident the plaintiff was working under his control the defendant would be liable for his negligence, it would not have been error.

When we granted the writ, we were of opinion that the other assignments pointed out no error, and we are still of that opinion.

The judgment is therefore affirmed.

*Affirmed.*

Delivered May 16, 1895.