GEORGE W. MAUGHMER v. C. H. BEHRING.

Delivered June 8, 1898.

**1. Master and Servant—Duty of Care Not on Master, When.**

Where the contract of employment shows that it did not devolve on the employer to provide scaffolds on which the employes were to work, and that the scaffolds were made by the employes, the rules of law as to the duty of the master to use reasonable care in providing those appliances are of no force.

**2. Fellow Servants—Foreman—Vice-Principal.**

The power to employ and discharge is essential to constitute one who is a foreman the vice-principal of a fellow servant working under his direction and control.

**3. Continuance—Admission as to Evidence of Absent Witness.**

To defeat an application for a continuance on account of the absence of a witness, the opposite party must admit not merely that the witness would testify to the facts expected to be proved by him, but also that such facts are true.

APPEAL from Harris. Tried below before Hon. W. H. WILSON.

_A. C. Allen_ and _Edgar Watkins,_ for appellant.

_Wm. H. Crank, Sr.,_ and _J. M. Coleman,_ for appellee.

JAMES, CHIEF JUSTICE.—In this case we make the following conclusions of fact and law:

1. All the testimony (that of plaintiff himself) shows that his contract of employment as a workman did not devolve upon defendant, his employer, the duty of providing or erecting scaffolds upon which he was to work; the undisputed evidence is that the workmen themselves made the scaffolds. The legal conclusion from the above facts is, that all the contentions made by appellant based on the fact that it was the duty of defendant to use reasonable care in providing scaffolds, are of no force.

2. There is no testimony that defendant personally had anything to do with erecting or altering the scaffold in question; there is, however, testimony that the injury occurred from alterations in the scaffold made by direction of defendant's foreman, Graham. Defendant, a contractor, it appears had four buildings under construction at the time, Graham being his foreman of work in respect to all of the buildings, he having control and direction of the employes, but the testimony is uncontradicted that he did not have power to employ or discharge workmen. We conclude from this state of evidence that Graham was a fellow servant of plaintiff. The power to employ and discharge was essential to constitute him a vice-principal. Such is the rule as declared in this State. Railway v. Grothe, 88 Texas, 262; Railway v. Peters, 87 Texas, 222; Nix v. Railway, 82 Texas, 476. In the latter case the opinion reads: "We do not say that the jury may not have found that Rapp was not authorized to employ and discharge, and that Nix was not working under him (the absence of either one of which facts would leave them fellow servants)," etc.

It follows that the case did not admit of any other verdict than the one returned, and errors in the charges, if any, are immaterial.

3. It appears that plaintiff applied for a first continuance on account of the absence of a witness, Ed Hines, which application was regular and was refused, it stating "that plaintiff expected to prove by said witness that the scaffold upon which plaintiff was at work when the scaffold fell was defective; that defendant's foreman had ordered some of the braces removed from the scaffold to be used as sheeting on another part of the building; that removing said braces was the cause of making said scaffold unsafe, the cause of the injury to plaintiff; that plaintiff was a strong, healthy man before receiving said injuries, and that plaintiff has no other witness by whom he could prove these facts, and such testimony can not be procured from any other source."

Defendant filed an admission that the witness, if present, would testify to what was stated in the application, whereupon the court overruled the application. To have warranted the court in refusing the application by reason of the admission, the facts should have been admitted to be true, not that the witness would have so testified if present.

But it is obvious that if the facts stated in the application be taken as true, the verdict could not have been different. It was not expected to be proven by the witness any fact showing that Graham was a vice-principal, or that the act complained of was done by defendant, or that defendant assumed or owed plaintiff the duty of providing a scaffold upon which to work. The material fact mentioned in the application and which plaintiff desired to prove by the witness was that the foreman ordered the braces taken away, which made the scaffold dangerous. Taking this as true, the facts showed that defendant nevertheless was not responsible, and we are of the opinion that in a case where this can be said, the result is the same as if the opposite party had formally admitted the testimony to be true.

The judgment will be affirmed.

*Affirmed.*