## L. & N. R. R. Co. *v.* Voss.

### (*Nashville.* December Term, 1902.)

1. **PRACTICE. CONTINUANCE. To defeat, offer to admit statements made on affidavit as testimony of absent witness, insufficient.**

   Where an application based upon an affidavit showing sufficient ground, is made for a continuance on account of the absence of witnesses, an offer by the adversary party to allow the statements made in the affidavit to be read on the trial as the testimony of the absent witness is insufficient to defeat the right to a continuance. In such case, in order to defeat the continuance, there must be an admission of the truth of the matters which it is claimed could be proven by the absent witness. (*Post, pp.* 719-722.)

   Cases cited and approved: State *v.* Baker, 13 Lea, 330; Smith *v.* Creason's Exr., 5 Dana, 298; Maughmer *v.* Bering, 46 S. W. R., 917; Murphy *v.* Murphy, 31 Mo., 322.

2. **SAME. SAME. Erroneous refusal to grant, for absent witness, cured by proof of same facts by other witnesses.**

   Where there has been an erroneous refusal to grant a continuance on account of absent witnesses, and during the trial the party seeking the continuance was able to procure other witnesses by whom he could and did prove the same facts to which it was claimed the absent witness would testify, such error is cured and rendered innocuous. (*Post, pp.* 722-723.)

   Cases cited and approved: Porter *v.* State, 3 Lea, 496; Womack *v.* State, 6 Lea, 146; Rexford *v.* Pulley, 4 Baxt., 365-6.

---

### FROM LAWRENCE.

---

Appeal in error from the Circuit Court of Lawrence County. SAM HOLDING, Judge.

GEORGE T. HUGHES and W. R. KING, for Railroad Company.

HAMILTON PARKS and J. D. BURCH, for Voos.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This is an action for personal injuries, brought by the defendant in error against the plaintiff in error in the circuit court of Lawrence county, resulting, on a trial, in a verdict and judgment against the plaintiff in error, which it has brought before this court for review.

When the case was called for trial in the circuit court, the plaintiff in error moved the court for a continuance on account of the absence of three witnesses, and in support of its motion presented a special affidavit, stating the names of the absent witnesses, the facts which plaintiff in error expected to prove by them, and all other facts necessary to constitute an affidavit showing good grounds for a continuance. The plaintiff below, conceding that the affidavit stated a good cause for a continuance, proposed to agree that the absent witnesses would testify as stated, and that the affidavit be read in evidence in behalf of the plaintiff in error on the trial of the case as the depositions of those witnesses, and thereupon the court refused the continuance, and required the plaintiff in error to go to trial.

This action of the court is now assigned as error,

the contention of the plaintiff in error being that it was entitled to have its witnesses before the court and jury in person, and that nothing short of a direct and absolute admission of the truth of the facts which it claimed its witnesses would testify to would authorize the court to deny it this right, and disallow its application for a continuance of the case. This contention is sound, and the action of the court in requiring plaintiff in error to go to trial upon the agreement of the plaintiff below that the witnesses would swear as stated in the affidavit, and that the affidavit be read as their depositions, was, nothing else appearing, reversible error. The plaintiff in error had the right to have its witnesses before the court, and nothing short of an absolute and unqualified admission of the truth of the facts proposed to be proven by the absent witnesses, by the opposite party, justified the court in refusing the continuance and requiring the plaintiff in error to go to trial.

This court, in a case involving this question, commenting on the case of *Goodman* v. *State,* Meigs, 195, holding that the defendant in a State case had the right to have his witnesses present, notwithstanding an offer upon the part of the State to admit as true what was proposed to be proven by the absent witnesses, said: "While we think this statement perhaps goes too far, when it is assumed that the agreement to admit that the facts stated are true, as set forth in the affidavit, might not be sufficient, because if

thus admitted they could not be disputed, and would stand as absolutely conceded for all the purposes of the case, yet we see no answer to the argument when applied to a case like the present, where the meager statement of an affidavit is merely agreed to stand as the testimony of the witnesses or what they would swear if present. In a case like the present, where the witnesses are to facts that tend to contradict and impeach the testimony of witnesses offered by the State, all must concede the special importance of having the two classes of witnesses before the jury, so that their personal bearing, their intelligence and means of knowing the facts, and freedom from bias, or the opposite, may be seen by that body. A defendant would be placed at a disadvantage that might be ruinous to his case by losing the benefit of all these elements of weight in giving effectiveness to testimony we have stated—elements conceded by our law to be legitimate matters of consideration to be remarked on by the trial judge in giving the rules to a jury by which to test the value of the testimony of witnesses deposing before them. A mere written statement of what witnesses are expected to swear, as contained in an affidavit, has no one of these elements in it, and thus the defendant is deprived entirely of them by such practice. While the constitutional provision that the defendant 'is to have compulsory process for obtaining witnesses in his favor' may not imperatively demand their presence in any case, yet the view of

Judge Reese is certainly more in accord with the fair implications of that provision than the opposite view. It would ill accord with the spirit of that right, where the witnesses are in the reach of the process of the court, if the defendant is compelled to take a mere written statement as the equivalent of the personal presence contemplated by the use of the process guaranteed to him by the constitution." *State* v. *Baker,* 13 Lea, 330, 331.

This was a criminal case, but .the reason for the rule applies with equal force to civil cases, and the rule should be enforced in all cases. It has been done in other jurisdictions. *Smith* v. *Creason's Ex'rs,* 5 Dana, 298 (30 Am. Dec., 688; *Maughmer* v. *Bering* (Tex. Civ. App.), 46 S. W., 917; *Murphy* v. *Murphy,* 31 Mo., 322.

But while this action of the trial judge was error, it was obviated by the fact that, before the trial was over, the plaintiff in error was able to obtain other witnesses by whom it could and did prove the same facts it asserted it could prove by the absent witnesses, and for this and other reasons clearly appearing in the record, it was not prejudiced by this error of the court. In such cases the error is cured, and no reversal will be allowed, as the merits are not affected. *Porter* v. *State,* 3 Lea, 496; *Womack* v. *State,* 6 Lea, 152; *Rexford* v. *Pulley,* 4 Baxt., 365, 366.

In the Encyclopædia of Pleading and Practice, it is said: "A party can not avail himself of an error

L. & N. R. R. Co. v. Voss.

of the court in refusing to grant his application for continuance, where he was not prejudiced thereby. . . . The appellate court will not reverse the judgment because of the refusal of the trial court to grant a continuance on account of the absence of a witness, where the party on the trial adduced from other sources the substance of the alleged testimony, or where the facts were proved by witnesses for the opposite party, or where the witnesses appeared voluntarily or involuntarily on the trial and could have been examined or actually did testify, or where the party otherwise had the benefit of his testimony, or where it is clearly evident that the testimony of the absent witnesses could not have changed the result." Ency. of Pl. & Pr., vol. 4, pp. 909, 910.

The assignment of error is therefore overruled, and the judgment of the circuit court affirmed, with costs.