Myers, Adm'r, v. Bowers et al.

Myers, Adm'r, v. Bowers et al.

1. **Homestead**: MORTGAGE OF BY WIFE ALONE: EFFECT OF SALE SUBJECT TO MORTGAGE. Where a mortgage on a homestead was invalid because not signed by the husband, but the husband and wife afterwards conveyed to defendant subject to the mortgage, and it was admitted that the amount of the mortgage debt was deducted from the purchase price, and that defendant agreed to pay the debt to the holder of the mortgage, *held* that defendant could not set up the original invalidity of the mortgage in an action to foreclose the same.

*Appeal from Clarke District Court.*

THURSDAY, OCTOBER 28.

ACTION on a promissory note executed by the defendant M. N. Cole, and for the foreclosure of a mortgage given by her for the security of said note. A. L. Bowers, a subsequent purchaser of the property covered by the mortgage, was joined as defendant. The Coles make no appearance, and judgment was rendered against them by default. Defendant Bowers answered, alleging that at the time the mortgage was given the property covered by it was the homestead of M. N. Cole and her husband, and that the husband did not concur in or sign the instrument, and that it was void for that reason. The district court sustained a demurrer to this answer, and defendant appeals.

*W. M. Wilson*, for appellant.

*Woodbury & Clark* and *T. M. Stuart*, for appellee.

REED, J.—The petition contains the following allegations:

"Par. 6. That on or about the twenty-first day of November, 1882, M. N. Cole and C. W. Cole, husband and wife, made and executed their joint warranty deed to A. L. Bowers of the said real estate above described, with the express

covenant in said conveyance that said real estate was subject to a mortgage of two hundred dollars to Jacob Myers, bearing date February 22, 1882, and that said A. L. Bowers bought said real estate with full knowledge of said incumbrance, and the further agreement that the same should be deducted from the amount named in the deed as a part of the purchase price of said property."

The deed is attached to the petition as an exhibit. It contains a covenant against all liens and incumbrances except the mortgage in suit. There is, however, no recital that the property was purchased by Bowers, subject to the mortgage, or that he assumed the payment of the mortgage debt. The allegations of the paragraph of the petition quoted above are not denied in the answer, and the question raised by the demurrer is whether the defendant is entitled to avail himself of the matters pleaded in his answer as a defense against the mortgage. The allegation that defendant purchased the premises with knowledge of the mortgage, and with the agreement that the amount of the debt should be deducted from the purchase price of the property, not being denied, must be deemed true: Code, § 2712. We are of the opinion that defendant cannot, while admitting the truth of this allegation, avail himself of the matters pleaded in his answer as a defense against the mortgage. He, in effect, admits that in the transaction between him and the Coles it was agreed that the amount of the mortgage debt should be deducted from the purchase price of the property, and that he would pay that amount to the holder of the mortgage. The parties in that transaction treated the mortgage as an incumbrance on the property, and dealt with each other on the assumption that it was a valid instrument, and defendant obtained all the advantages and benefits which would have accrued to him if, as between the parties to the instrument, it had been of unquestionable validity. He now seeks, while retaining those advantages, to defeat in entirely. It is manifest, we think, that upon plain, equitable grounds he ought

not to be permitted to do this.    As he agreed to take the property subject to the mortgage and pay the mortgage debt, and as this contract was entered into by the parties on the assumption that the mortgage was a valid incumbrance on the property, equity will, as against him, treat it as valid and enforce it accordingly.

AFFIRMED.