## J. W. BATTS v. MIDDLESEX BANKING COMPANY, ET AL.

### Decided June 12, 1901.

**1.—Homestead—Blending Rural and Urban.**

Except under special circumstances there can be no blending of the rural and urban homestead.

**2.—Same—Urban Homestead—Limit of Value.**

Where M., who was a farmer and stock raiser, lived on a 16-acre tract inside the limits of a city and owned an adjoining tract of 300 acres, about one-half of which may have been within the city limits, it was essential, in order to render any of such larger tract a part of his homestead, that such part should be within the city limits, and that the land together with the 16-acre tract did not exceed the constitutional limit as to value at the time of its designation.

**3.—Same—Homestead Use—Charge Where No Issue in the Evidence.**

Where the evidence was undisputed that so much of the larger tract as fell within the city limits was being used by M. for the purposes of his business by the pasturing of stock thereon at the time he gave a mortgage on it, it was error, in an action to foreclose the mortgage, to submit to the jury as an issue of fact the homestead use of such land.

**4.—Same—Assumption of Mortgage on Homestead.**

In an action to foreclose a mortgage on land, one who has purchased the land from the mortgagor and agreed as part of the consideration to hold the land subject to the mortgage can not defend against the mortgage by setting up that the land or part of it was the homestead of the mortgagor when the mortgage was given.

**5.—Same—Declarations as to Homestead Character.**

Actual use of the property for the exercise of the calling of the head of the family establishes its homestead character, and the testimony of M. and wife that neither of them had any homestead intention except in reference to the 16-acre tract was immaterial.

Error from Dallas. Tried below before Hon. Richard Morgan.

*W. G. Taliaferro* and *Crane & Greer,* for plaintiff in error.

*Hill, Dalney & Carlton,* for defendant in error.

JAMES, CHIEF JUSTICE.—In 1892 Claud Mitchell and wife gave defendant in error a mortgage on 350 acres of land, more or less, to secure their note for $3000 and interest. In 1897 they sold about 300 acres of the land to J. W. Batts. This suit is to obtain judgment for the debt, and to foreclose the lien, Batts being a defendant.

Batts disclaimed except as to the 300 acres described in his answer, and in reference to this pleaded in substance that the property was the homestead of Mitchell and wife when said mortgage was given, and that he had purchased same without any assumption of the mortgage, and without any agreement that it should be responsible for the debt in his hands; but on the contrary bought it knowing that it was homestead at the time the mortgage was given, and that he contemplated, at the time he bought, resisting the foreclosure thereon on that

ground. Plaintiff by supplemental petition denied this allegation of homestead, and pleaded further that it was agreed between Mitchell and Batts, in the sale to Batts, that the land was bound for said mortgage debt, that it was to discharge the same, and that this entered into the consideration. Judgment was for plaintiff with foreclosure upon the property.

The evidence as to the issue of homestead is substantially as follows: At the date of the mortgage in 1892 Mitchell owned a tract of about 16 acres in the town of Bryan, upon which he resided, and upon which he had his house, well, garden, stable, windmill, and other appurtenances of his home. He also owned, adjoining this, a tract of about 300 acres, being the tract in question, which, according to the testimony of Mitchell, was wholly outside the corporate limits of Bryan, but of which, according to the testimony of Batts, 180 acres were within the corporate limits. There was other testimony tending to show that some part of the tract was within the corporate limits. The 16 acres and the 300 acres tract had been acquired by Mitchell at different times. In 1892 Mitchell and wife lived upon the 16 acres. This tract was separated from a larger tract by a fence about on the line dividing them, there being some evidence that a small part of the larger tract, about three-fourths of an acre, was within the fence inclosing the 16 acres. As to the use made by Mitchell of the larger inclosure, the testimony showed that he used it for pasturing cattle and horses, his principal business being that of stockraiser, and had a little farm about the center of the tract. Both he and his wife testified that neither of them ever intended it to be their homestead, nor a part thereof; that their homestead consisted solely of the 16 acres where they lived, and that they never intended to have any other. It appears that on the date of the mortgage they executed to plaintiff a sworn statement declaring that the tract mortgaged was not their homestead. There is nothing in the testimony tending to show a state of facts which would have entitled Mitchell to extend their homestead to property outside the limits of the town.

The court submitted the case as to homestead, thus: "If the said land so claimed by the defendant J. W. Batts as aforesaid was being used by said Claud Mitchell for the purposes of a home for himself and family, or as a place to exercise the calling or business of the said Claud Mitchell, then said land was a part of the homestead of the said Mitchell."

The testimony is clear that the principal business of Mitchell was that of stock raiser, and that the pasture was used by him in the prosecution of such business. He was also a farmer. Consequently the use thereof was such as to make it his business homestead.

The testimony is also clear that the 16 acres tract where he resided was within the town or city of Bryan. It is conflicting, however, as to whether or not the larger tract was inside the corporate limits of

Bryan. Mitchell testified that it was wholly outside the town limits. Batts testified that 180 acres of it was inside the town limits. The testimony of the assessor would indicate that some part of it was assessed for taxes to the city. There is no principle better settled in Texas than that there can be no blending of the rural and urban homestead, except under special circumstances, none of which exist in this evidence. There were no facts in evidence which would warrant going outside the town limits to make up a homestead of 200 acres. The 16 acres tract and the larger tract were acquired by Mitchell at different times, and there is nothing tending to show that his homestead had ever partaken of the rural character. In order for any of the larger tract to be a part of Mitchell's homestead, it was essential, under the evidence here, that such part should be within the corporate limits, and that the land together with the 16 acres did not exceed the constitutional limit as to value at the time of designation.

The court did not submit any issue of this kind, and must be taken as virtually assuming that the land in question was within the limits of the town, and within the constitutional limit of value. No complaint is made of the submission in this respect by either party, and appellant had no occasion to complain of it, because it was favorable to his contention, being the only theory (as the evidence stands) upon which he could base the claim that it constituted a part of the homestead.

From the charge as above copied it will be seen that the sole question upon which homestead was made to turn, was whether or not the land was at the time of the mortgage used by Mitchell for the purposes of a home, or for the exercise of his calling or business. The finding of the jury on this issue may have been that it was not so used, when in fact the evidence, in our opinion, is undisputed that it was being used for the purposes of his business. Under the first assignment of error the charge is questioned because it submitted as an issue of fact the homestead use of the property, when the use made of it was unmistakably such as would give it homestead character. This assignment is well taken.

As to the other issue in this case, viz., whether or not Batts agreed as a part of the consideration of his purchase to hold the land subject to the mortgage, we are of opinion that the record shows no error. If such was the fact, he could not defend against the mortgage by setting up that the land or part of it was homestead of Batts when it was given.

It is insisted by appellee that because Mitchell and wife testified that neither of them had any homestead intention except in reference to the 16 acres tract where they lived, the land outside could not be a part of their homestead; in other words it is contended that in the absence of such an intention the use of the larger tract in the manner necessary to make it a homestead, would not constitute it such. Upon this question our opinion under the testimony here is that the actual use of the property for the

exercise of the calling of the head of the family established its homestead character, and his declaration, or his intention during such use, is immaterial. Jacobs v. Hawkins, 63 Texas, 1.

Reversed and remanded.

*Reversed and remanded.*