### J. P. WOOTEN MOTOR CO. v. FIRST BANK OF SWENSON et al. (No. 1612.)

(Court of Civil Appeals of Texas. El Paso. March 27, 1924. Rehearing Denied April 17, 1924.)

1. **Homestead** ⬅128—Purchaser held entitled to assert invalidity of prior incumbrance.

Where a bank bought homestead property subject to a deed of trust without assuming the debt, it was not a stranger or third party, and had same right as the grantor to assert invalidity of incumbrance.

2. **Homestead** ⬅129(1)—Bona fide purchaser not affected by invalid deed of trust on homestead.

Deed of trust, void because attempting to incumber business homestead, could not affect any title which owners might convey to another who was bona fide purchaser.

Appeal from District Court, Stonewall County; W. R. Chapman, Judge.

Action by the First Bank of Swenson and another against the J. P. Wooten Motor Company, in which defendant filed a cross-action making Matt Osborn and wife, parties. Judgment for plaintiffs against the J. P. Wooten Motor Company, and judgment for the J. P. Wooten Motor Company against Matt Osborn. The J. P. Wooten Motor Company appeals. Affirmed.

---

ⓔ═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

R. W. Haynie, of Abilene, for appellant.

Ernest Herring, of Aspermont (R. M. Reed, of El Paso, of counsel), for appellees.

### Statement of the Case.

HARPER, C. J. Matt Osborn and wife, being the owners of lots 14 and 15 in block No. 28, Aspermont, Tex., on April 10, 1918, executed a deed of trust in favor of J. P. Wooten Motor Company, to secure the payment of a note executed at same time between same parties.

On March 26, 1921, Osborn and wife conveyed the property by warranty deed and for valuable consideration to the First Bank of Swenson. The latter, after filing this suit, sold it to J. H. Robertson.

The trial court found, and which findings we approve: That at the time of the execution of the deed of trust Matt Osborn and Hettie Osborn were husband and wife with a family of children. That at the time and prior to the date of execution of said deed of trust, Matt Osborn was conducting the City Garage in the building situated on the lots and carrying on there a general garage business. selling cars, gasoline, oil, etc., and continued to so occupy the property until sold to the bank. That the bank at all times knew of the note and deed of trust to Wooten Motor Company, but did not acknowledge its validity, but declared it to be void, and that it would force its cancellation after the title passed. That the bank never at any time agreed orally or otherwise as a part of the consideration for the deed to it, to assume the payment of said note.

### Opinion.

This suit was filed by the bank and Robertson against the J. P. Wooten Motor Company to cancel said deed of trust and to remove cloud, upon the ground that same was void because the property was the business homestead of Osborn and wife at the time it was executed.

The defendant answered: (a) That the plea of homestead should be stricken out because it could be pleaded only by the parties thereto; (b) that the note for $550 due and unpaid; (c) that the deed of trust to secure it is valid and subsisting; (d) that the property was not homestead at the time of executing the deed of trust, and, by cross-action, making Osborn and wife parties, asked for judgment for their note and for foreclosure of lien.

Tried without jury and judgment entered for plaintiffs bank and Robertson, declaring the deed of trust to be void and removal of cloud, etc. Denied the motor company judgment against bank and Robertson and granted judgment on the note against Matt Osborn. The motor company appealed.

The substance of the propositions is that the bank is a stranger or third party and cannot claim the homestead exemption, and that, since the bank had both constructive and actual notice of the existence of the lien and debt, it is estopped to assert the invalidity of the lien.

The appellant relies on the case of Rice-Stix Dry Goods Company v. First National Bank (Tex. Com. App.) 231 S. W. 386, and other cases which hold that where a purchaser buys subject to the lien or assumes the debt secured by the lien as part of the consideration for the land he cannot then take advantage of the homestead exemption.

[1] The bank is not a stranger but by its purchase without assuming the debt stands in the same position as Osborn and wife. Palm v. Chernowsky, 28 Tex. Civ. App. 405, 67 S. W. 165; Batts v. Middlesex Bank, 26 Tex. Civ. App. 515, 63 S. W. 1046; Mayers v. Paxton, 78 Tex. 196, 14 S. W. 568,

[2] The lien being void as to Osborn and wife it could not affect any title which they might convey to another who is a bona fide purchaser.

Affirmed.