KNOWLES et al. v. WADDELL INV. CO.*
(No. 3161.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 29, 1926. Rehearing Denied Feb. 11, 1926.)

1. Homestead ⬡—115(2)—Trust deed to land on which owners actually resided as homestead held void, notwithstanding statements of owners that they had abandoned land and moved from state (Const. art. 16, § 50).

Trust deed to land, on which owners were actually residing as homestead at time of its execution, held void under Const. art. 16, § 50, notwithstanding statements at time of execu-

tion that they had moved and were living in another state, and to which they swore before notary public.

2. Homestead ⬡—124—Grantors of land under warranty deed held not entitled to oppose foreclosure of trust deed executed by them to secure note and assumed by their grantee.

Grantors under warranty deed to land, who claimed homestead at time of execution of prior trust deed to secure loan, held not entitled to oppose suit to foreclose trust deed, payment of which had been assumed by their grantees; grantors having parted with all of their interest in land.

Appeal from District Court, Lamar County; Geo. P. Blackburn, Judge.

Suit by the Waddell Investment Company against D. F. Knowles and others. Judgment for plaintiff, and certain defendants appeal. Affirmed.

To secure certain indebtedness they owed appellee, the Waddell Investment Company, including that evidenced by their promissory note, dated June 25, 1918, for $3,800, interest, and attorney's fees, payable to appellee's order, appellants D. F. Knowles and Callie B. Knowles, his wife, on said June 25, 1918, by their deed of that date, conveyed 160 acres of land they owned in Lamar county, Tex., to a trustee. Afterwards, by a general warranty deed dated September 23, 1919, appellants conveyed the land to J. H., G. H., P. W., and J. C. Banning, in consideration of $500 paid by the Bannings, their promissory note for $6,750 secured by a vendor's lien retained on the land, and their assumption of the payment of appellants' said indebtedness to appellee. This suit by appellee as plaintiff was to recover the amount of said note of appellants and the Bannings and to foreclose the lien of the trust deed made to secure its payment. The Bannings made no answer to the suit, and are not complaining here of a judgment rendered against them as prayed for by appellee. D. F. Knowles answered, admitting the execution of the note and trust deed as alleged in appellee's petition, and setting up, as a defense against the foreclosure sought by appellee, the fact that the 160 acres of land was a part of his and his family's homestead at the time the trust deed was executed and until July 23, 1918, when they abandoned it and moved to the state of Oklahoma. Callie B. Knowles answered that she was a married woman at the time she executed the note, and therefore was not liable thereon. The trial was to the court without a jury, and he found as facts, among other things: (1) That before June 25, 1918, when they executed the trust deed, the Knowleses had purchased a home in the state of Oklahoma, to which they intended to move and where they intended to reside. (2) That their indebtedness to appellee was for money it loaned them to pay, and which they used

to pay, for the Oklahoma land. (3) That at the time they executed the trust deed they had moved·off of and abandoned the use of the 160 acres in Lamar county as a homestead and were residing upon and using the land they had purchased in Oklahoma as their homestead. The appeal by D. F. Knowles is from a judgment against him in appellee's favor for the amount of the note and foreclosing the lien of the trust deed. The court refused to render judgment against Callie B. Knowles for any sum of money. Her appeal is from the judgment so far as it foreclosed the lien of the trust deed against her.

Robbins, Edwards & Bailey, of Clarksville, for appellants.

Emerson & Jones and A. P. Park, all of Paris, for appellee.

WILLSON, C. J. (after stating the facts as above). The judgment is not erroneous if the Lamar county land was not appellants' homestead at the time (to wit, June 25, 1918) they executed the note and trust deed sued upon; and that land was not then their homestead if, as the trial court found to be the case, they had permanently abandoned its use as such and had moved to the state of Oklahoma. The contention here is that it apeared that appellants were actually residing upon and using the Lamar county land as their home at said time, and that the finding of the trial court to the contrary was not warranted by the testimony.

[1] We think the contention should be sustained, notwithstanding the testimony of the witnesses Rees and Jones (who, as appellee's agents, acted for it in making the loan evidenced by said note and trust deed) that appellants declared to them, at the time they executed said instruments, that they had moved to and were living in said state of Oklahoma; and notwithstanding the fact that on the day the loan was made to them (to wit, said June 25) appellants appeared before a notary public in Lamar county and swore that they had left the Lamar county land and had "moved (quoting) from Texas into Oklahoma," onto land they intended to make "their permanent home"; for the other testimony in the case was overwhelmingly to the effect that on said June 25 appellants were still residing upon and using the Lamar county land as their homestead, and that they continued to do so until July 23, 1918. Kearby v. Cox (Tex. Com. App.) 211 S. W. 932; Little v. Baker (Tex. Sup.) 11 S. W. 549; Ward v. Baker (Tex. Civ. App.) 135 S. W. 620; Pierce v. Langston (Tex. Civ. App.) 193 S. W. 745; Bank v. Farmer (Tex. Civ. App.) 157 S. W. 283; Hudgins v. Thompson, 109 Tex. 433, 211 S. W. 586.

So, as we view the record, the case must be treated as one in which it appeared that the Lamar county land was appellants' homestead, and the trust deed therefore void by force of section 50 of article 16 of the Constitution.

[2] In that view, is the judgment erroneous? We think not. The Bannings, having assumed the payment of the note sued upon, were not in a position to defend against the recovery had against them (Dry Goods Co. v. Bank [Tex. Com. App.] 231 S. W. 386), and they did not attempt to do so. And so far as the record shows to the contrary, appellants at the time of the trial had no title to nor interest in the Lamar county land, and therefore were in no better position than the Bannings were in to defend against the recovery had against them. It is true the deed appellants made to the Bannings contained a covenant warranting the title to the land, but it was plain, if the existence of the trust deed was a breach of the covenant, that appellants were not therefore liable to the Bannings, for they undertook themselves to remove the incumbrance, if it was one, when they assumed the payment of the indebtedness secured by the trustee. It is also true that when appellants sold the land to the Bannings, September 23, 1919, they reserved a lien thereon to secure the payment of the promissory note made to them for a part of the purchase price of the land, but there was nothing in the pleadings nor the testimony indicating that the note was not paid January 1, 1925, when it became due.

Assuming, as we think we ought to, that appellants had parted with their title to the Lamar county land and all their right to and interest in it, we see no reason why they, any more than others of the general public, should be heard to assert the invalidity of the trust deed and defend against the foreclosure of it sought by appellee. They were not, it seems, any more than others of said public who had no interest in the land, in a position to be either injured or benefited by such foreclosure.

The judgment is affirmed.