**J. P. WOOTEN MOTOR CO. v. FIRST BANK OF SWENSON et al. (No. 612–4201.)**

(Commission of Appeals of Texas, Section B. March 10, 1926.)

**1. Homestead ⬌115(2).**

Attempted mortgage of business homestead by husband and wife is void, in view of Const. art. 16, § 50.

**2. Homestead ⬌128—Purchaser of mortgaged homestead with knowledge of void mortgage thereon is not bound thereby, in absence of contract to assume mortgage or estoppel, and invalidity may be pleaded in direct or collateral attack.**

Purchaser of homestead from mortgagor with knowledge of void mortgage on premises is not bound thereby, in absence of contract to assume mortgage or estoppel, and invalidity of mortgage may be pleaded either in direct or collateral attack.

**3. Mortgages ⬌275.**

Whether purchaser with knowledge of void mortgage on property is bound thereby depends on intention of parties, so that if purchaser takes "subject" to lien he cannot later dispute its validity.

**4. Homestead ⬌133—Purchaser's petition to remove cloud on title, alleging making of mortgage by vendor on homestead and its invalidity, is good against general demurrer (Const. art. 16, § 50).**

Petition by purchaser from mortgagor to cancel lien on homestead of mortgagor, alleging making of mortgage to secure note and its invalidity, sufficiently meets claimed burden of showing that mortgage is not within exceptions to Const. art. 16, § 50, prohibiting mortgages on homesteads, and is good against general demurrer.

**5. Pleading ⬌34(3).**

Every reasonable intendment is indulged in favor of pleading as against general demurrer.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by the First Bank of Swenson and another against the J. P. Wooten Motor Company. The Court of Civil Appeals affirmed a judgment for plaintiffs (260 S. W. 1093, and defendant brings error. Affirmed.

R. W. Haynie, of Abilene, for plaintiff in error.

Ernest Herring, of Aspermont, for defendants in error.

SPEER, J. The following statement of the case appears in the opinion of the Court of Civil Appeals (260 S. W. 1093):

"Matt Osborn and wife, being the owners of lots 14 and 15 in block No. 28, Aspermont, Tex., on April 10, 1918, executed a deed of trust in favor of J. P. Wooten Motor Company to secure the payment of a note executed at same time between same parties.

"On March 26, 1921, Osborn and wife conveyed the property by warranty deed and for valuable consideration to the First Bank of Swenson. The latter, after filing this suit, sold it to J. H. Robertson.

"The trial court found, and which findings we approve: That at the time of the execution of the deed of trust Matt Osborn and Hettie Osborn were husband and wife with a family of children. That at the time and prior to the date of execution of said deed of trust Matt Osborn was conducting the City Garage in the building situated on the lots and carrying on there a general garage business, selling cars, gasoline, oil, etc., and continued to so occupy the property until sold to the bank. That the bank at all times knew of the note and deed of trust to Wooten Motor Company, but did not acknowledge its validity, but declared it to be void, and that it would force its cancellation after the title passed. That the bank never at any time agreed orally or otherwise as a part of the consideration for the deed to it, to assume the payment of said note."

The suit was filed by the bank and Robertson against the J. P. Wooten Motor Company to cancel the deed of trust and to remove the cloud, upon the ground that same was void because the property was the business homestead of Osborn and wife at the time it was executed. The Court of Civil Appeals affirmed the judgment of the trial court, declaring the deed of trust to be void and removing the cloud from title.

[1] We think the judgments are correct. Our Constitution, art. 16, § 50, provides:

"No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the husband alone, or together with his wife; and all pretended sales of the

---

⬌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

homestead involving any condition of defeasance shall be void."

It is thus seen that no mortgage upon the homestead, with the exceptions stated, "shall ever be valid." Judge Robertson has well said: "What cannot 'ever be valid,' is never valid, and what is never valid, is always void." Inge v. Cain, 65 Tex. 75. So that it may be considered as thoroughly settled that an attempted mortgage within the constitutional prohibition is absolutely void.

[2] Now, a void instrument has no effect whatever, either as between the parties or as to others. Its invalidity may be asserted whenever and wherever called in question, and by any person whomsoever whose rights are affected. It need not be attacked directly, but may be attacked collaterally. It has no legal effect. It is nothing. The mortgage in this case being void, as above defined, Osborn and wife could sell their property to whomsoever they pleased, and the purchaser, whether with or without notice of such instrument, was not bound in any respect whatever thereby. His notice of such attempted mortgage was in law knowledge that the instrument was absolutely void, and therefore no impediment to the owner's right to sell at will. Being void, it is not merely voidable and therefore a mere privilege to be claimed by the Osborns or waived at their option. It is not therefore in any sense a claim of an assumption for the Osborns by the bank. The bank's title to the property being involved by the mortgage, it was its right to plead the invalidity of that instrument. Mayers v. Paxton, 14 S. W. 568, 78 Tex. 196; Palm v. Chernowsky, 67 S. W. 165, 28 Tex. Civ. App. 405; Batts v. Bank, 63 S. W. 1046, 26 Tex. Civ. App. 515, cited by the Court of Civil Appeals. The case of Rice-Stix Dry Goods Co. v. First Nat. Bank (Tex. Com. App.) 231 S. W. 386, relied upon by plaintiff in error, is clearly distinguishable. That case was decided upon an entirely different principle. The undisputed facts in that case show that the purchaser of the mortgaged homestead not only knew of the existence of the pretended mortgage, but took the property subject to the mortgage, the bank's representative admitting he "understood there was supposed to be an incumbrance on the property." Judge Spencer, for the commission, said:

"The uncontroverted facts showing that the bank took the property subject to the record, which revealed the lien and with knowledge that Gullidge recognized the lien as security to protect his indebtedness, it is, as a matter of law, under such facts, estopped to deny the validity of the lien and the mortgagee is therefore entitled to a judgment of foreclosure."

The principle upon which the purchaser was held liable was denominated that of estoppel. It occurs to us the liability in such case is predicated more upon contract. For if a purchaser under such circumstances agrees that he holds subject to a prior lien, then he does so hold by virtue of his contract, and any and all persons interested in such promise have a right to enforce it. It is precisely the same principle as if he had assumed the actual payment as a part of the purchase money. Any person interested in the assumption would be entitled to enforce it, as a contract.

[3] We think the underlying principle in all such cases is: What was the intention of the parties? If the conveyance expressly stipulates that the purchaser does not recognize the pretended incumbrance as valid, then there can be no question. If the purchaser takes the property "subject" to the lien, then he agrees that the lien is valid and cannot dispute it thereafter. Of course, if the purchaser expressly assumes, or uses language clearly indicating such intention, to pay, then not only does the lien exist, but the purchaser becomes personally liable as well. See International, etc., Ry. Co. v. Concrete Investment Co. (Tex. Com. App.) 263 S. W. 265; International, etc., Ry. Co. v. Oehler (Tex. Civ. App.) 262 S. W. 785 (writ of error refused).

There being nothing to show that the bank either assumed the debt due to plaintiff in error, or that it in any way recognized the validity of its mortgage, and the mortgage being absolutely void, there is no reason why the bank should not be allowed to interpose such invalidity in an action to recover its property. There is no element of contract or estoppel.

[4, 5] The suggestion is made by plaintiff in error that a general demurrer should have been sustained to the bank's petition, because it failed to allege that the debt thus secured was not a part of the purchase money or for improvements within the exception to the Constitution prohibiting mortgages upon the homestead. Assuming that the burden was upon the bank to allege and prove a mortgage not coming within the exceptions stated, nevertheless, we think this burden has been met. The petition alleged the execution of a mortgage by Osborn and wife for the purpose of securing the payment to J. P. Wooten Motor Company of one certain promissory note of even date with the deed of trust; that the lien then attempted was at its inception and at all times since wholly void and contrary to the express provisions of the Constitution and the laws of the state of Texas. We think this constitutes the petition good as against a general demurrer, since every reasonable intendment and fair inference of fact is to be indulged in favor of the pleading as against such objection.

We therefore recommend that the judgments of the Court of Civil Appeals and the trial court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.