TRURO SAVINGS BANK, Appellee, v. G. A. FOSTER, Appellant, et al., Appellee.

JUNE 26, 1928.

*C. E. Hamilton, O. M. Slaymaker,* and *R. E. Killmar,* for appellant.

*Leo C. Percival,* for Truro Savings Bank, appellee.

*Phil R. Wilkinson,* for Alton E. Borrall, appellee.

EVANS, J.—The mortgage in question was given on August 5, 1926, and fell due one year after date. On August 8, 1927, Mrs. Foster died. There had been more or less domestic trouble between herself and her husband. She became seriously ill, and was confined in a hospital for many weeks. In order to provide for the expenses incident to her illness, she borrowed from the plaintiff the sum of $500, and secured the same by the mortgage in question, without conferring with her husband or obtaining his signature or consent. The parties were married in the year 1916, and had no issue. She was the owner of the 45-acre tract upon which they lived throughout their married life. Sometime after the execution of the mortgage, there was a reconciliation between her and her husband, and some adjustment of property matters. She conveyed to her husband an undivided half of the 45-acre tract, together with a life estate in the other undivided half thereof, in case he should survive her, and such conveyance was made subject to the $500 mortgage. Mrs. Foster left a will, making her foster son, the defendant Borrall, her sole devisee. Foster's defense against the mortgage is predicated upon the statute which provides that no conveyance or incumbrance of the homestead shall be valid unless signed by both husband and wife. Section 10147, Code of 1924. The reply of plaintiff pleads various matters, as constituting ratification and estoppel. We shall confine our consideration to one matter thus pleaded. This is the deed executed by Mrs. Foster to her husband, whereby he accepted a conveyance of an undivided half of the property, subject to the mortgage. The real controversy of the trial was narrowed down to the question whether Foster, as grantee of the deed from his wife, subject to the mortgage, may still contest the validity of the mortgage as to the property conveyed to him. The district court decreed a foreclosure of the mortgage only as against the undivided half of the property as conveyed to Foster by Mrs. Foster. Strictly speaking, the question of Foster's homestead right is

not involved in the appeal, notwithstanding that his challenge to the validity of the mortgage is predicated upon the fact that it was given on the homestead. A proper analysis of the case requires that distinction be recognized between the rights of Foster as occupant of the homestead, and his rights as a mere grantee in a deed. He has renounced the will of his wife, and claims nothing thereunder. He has elected to take his one-third distributive share, under the statute, and to claim the property conveyed to him by the deed from his wife. Independently of the deed from his wife, he has, therefore, no further homestead right. His defense is predicated, not upon the claim that he has a homestead right now, but that he had a homestead right in the property when the mortgage was made, and that this fact rendered the mortgage invalid, and that he therefore took title under the deed from his wife free and clear of the mortgage lien. The question before us is, therefore, not what are his rights as a homestead occupant, but what are his rights as grantee under the deed from his wife?

The district court held that, by taking a deed in terms subject to the mortgage, he was estopped to deny the validity of such mortgage. We think the holding is sound, and has the support of abundant authority, including our own cases. It is well settled that, as between a grantor and grantee in a deed wherein conveyance is made subject to a mortgage, the mortgaged property, by agreement of the parties, becomes the primary source out of which the debt is to be paid. *Foy v. Armstrong*, 113 Iowa 629; *Doran v. Doran*, 145 Iowa 122; 3 Pomeroy's Equity Jurisprudence, Section 1205. Mrs. Foster was personally liable for this debt. Her contract with her husband whereby she conveyed to him a half interest in the homestead was valid. *Harsh v. Griffin*, 72 Iowa 608; *Beedy v. Finney*, 118 Iowa 276. She had a right, therefore, to contract with him for the consideration. She had a right, therefore, to stipulate that the property she was conveying should be liable for the mortgage. Surely, if she had conveyed the property to a grantee other than her husband, such grantee could not thereafter challenge the validity of her mortgage. *Myers v. Bowers*, 70 Iowa 95. Foster's rights as a husband were in no manner infringed by the decree. He was simply held to be a grantee of the deed, and he was bound by its terms to the same extent as

any other grantee would have been. Cases from other jurisdictions which are clearly in point are: *Batts v. Middlesex Banking Co.*, 26 Tex. Civ. App. 515 (63 S. W. 1046) ; *Calkins v. Copley*, 29 Minn. 471 (13 N. W. 904) ; *Freeman v. Auld*, 44 N. Y. 50; *Jones v. Perkins*, 43 Okla. 734 (144 Pac. 183). To hold otherwise would be to enable the defendant to repudiate, as against his wife, the very terms upon which he accepted the conveyance of the property, and to leave her and her estate personally and primarily liable for the debt thus provided for.

The rule being well established, in this state, at least, that a grantee of a deed subject to a mortgage may not thereafter challenge the validity of the mortgage, we see no reason for saying that this rule is not applicable to the defendant, as grantee in this case. So far as the homestead forty is concerned, the decree gave plaintiff no relief, except as against that part thereof which the defendant holds as a grantee from his wife. We think the decree is in accord with our precedents, and is highly equitable in its result in the present case. It is, accordingly,— *Affirmed.*

All the justices concur.