CITIZENS NATIONAL BANK OF WINTERSET, Appellee, v. ERNEST C. HAMILTON, Administrator, et al., Appellants.

No. 39820.

OCTOBER 22, 1929.

REHEARING DENIED JANUARY 15, 1930.

*John A.* and *W. T. Guiher* and *C. A. Robbins,* for appellants.

*Steele & Gallery, Percival & Wilkinson,* and *S. A. Hays,* for appellee.

FAVILLE, J.—Prior to June 1, 1923, one W. T. Rhyno was the owner of the real estate involved in this foreclosure. He was at that time indebted to the appellee bank. He sold a portion of his real estate, and paid the appellee a portion of said indebtedness, leaving a balance due of $15,333.03. On June 1, 1923, said Rhyno executed and delivered to the appellee the mortgage in controversy, to secure said indebtedness. Rhyno is now deceased, and the appellants in this action are the ad-

ministrator of his estate and his surviving heirs. The mortgage was not acknowledged at the time it was executed, the date of the acknowledgment being December 11, 1923. The mortgage was duly filed for record on February 12, 1924. On February 13, 1924, Rhyno executed a subsequent mortgage to a trustee, to secure various of his creditors, and on February 14, 1924, leased the land for a period of three years. On February 16, 1924, said mortgagor conveyed the premises to his two daughters, who are his sole heirs at law and appellants herein. By the terms of said deed, said premises were conveyed subject to all mortgages then of record. Said deed was recorded February 19, 1924. Rhyno died on July 27, 1927, intestate.

I. Appellants contend that the evidence is not sufficient to establish the execution of the mortgage in question. The instrument was duly acknowledged. The notary public who  took the acknowledgment identified the signature to said mortgage as being the signature of the mortgagor. There was no denial of the execution of the instrument, either directly or indirectly. The instrument was in possession of the mortgagee. The evidence to establish its execution was sufficient.

II. It is contended that the certificate of acknowledgment was fatally defective, and because thereof the instrument was not entitled to record. Said certificate is as follows:

"State of Iowa, Madison County, ss.

"On the 11 day of December, A. D. 1923, before the undersigned, a Notary Public in and for said County, came Walter  P. Rhyno to me personally known to be the identical person whose name is subscribed to the foregoing mortgage as maker thereof, and acknowledged the execution of the same to be his voluntary act and deed.

"Witness my hand and official seal, the day and year last above written.

"J. W. McKee             [Signed]   J. W. McKee,
     "Iowa                    Notary Public in and for
"Notarial Seal                 Madison County, Iowa."

The certificate of acknowledgment was sufficient, under

our decisions. *Dunham v. Grant,* 207 Iowa 602; *Manbeck Motor Sales Co. v. Garside,* 208 Iowa 656.

III. It is contended that the appellants were subsequent purchasers of said real estate for value, and without notice of appellee's mortgage. The mortgage was dated June 1, 1923,  was acknowledged December 11, 1923, and was filed for record on February 12, 1924. Appellants' deed was executed four days later, to wit, on February 16, 1924, and was delivered on February 19, 1924. The recording of the instrument was legal, and therefore it imparted notice to subsequent purchasers, and the appellants were charged with notice thereof. Furthermore, the instrument itself recites that the said premises are conveyed subject to all mortgages then of record. This was binding as against the property in the hands of the grantees accepting said deed. *Foy v. Armstrong,* 113 Iowa 629; *Truro Sav. Bank v. Foster,* 206 Iowa 432.

IV. It is contended that said mortgage should be construed in connection with other instruments executed by the mortgagor as part of a scheme to defraud creditors. It appears  that, although the mortgage was executed June 1, 1923, it was withheld from record until February 12, 1924, and it also appears that, on the following day, to wit, February 13, 1924, the mortgagor executed a third mortgage to a trustee, to secure certain creditors, and leased the land in question for a term of three years, receiving rent notes therefor. Two days later, the mortgagor conveyed said premises to these appellants. The contention is that the execution of said mortgages and said lease constituted a general assignment with preferences, in violation of the provisions of Section 12720 of the Code, 1924. The undisputed evidence showed that the original indebtedness of the mortgagor to the appellee was incurred on or prior to January 8, 1923, at which time the mortgagor gave to the appellee a mortgage on the land in question, to secure a sum in excess of $17,000. On or about June 1, 1923, the mortgagor sold certain of his land, and made a payment on his indebtedness, and secured the balance by the mortgage in question. This was some eight months prior to the execution of the mortgage to the trustee and the lease of the premises. There is no evidence

in the record to challenge the validity of the indebtedness of the mortgagor at the time of the execution of said mortgage. The mere fact that it ˙was filed for record by the appellee two days prior to the execution of a subsequent mortgage to secure certain creditors of the mortgagor's, and the execution of a lease and the deed in question to the appellants, did not render the instrument invalid. The evidence is not sufficient to establish that the execution of said mortgage, together with the other instruments, constituted a general assignment of the property of the mortgagor for the benefit of creditors.

V. It is contended that the mortgage in question was given as a preference to the appellee, to avoid the possibility of certain threatened litigation against the mortgagor. It is true  that the record shows that one Peak instituted an action against the mortgagor in July of 1923, and that said cause came on for trial the following February. There is evidence tending to show that the mortgage in suit was withheld from record at the suggestion of the attorney of the appellee bank, and that the same was filed for record at or near the time when the lawsuit referred to came on for trial in the district court. Just why this was done does not appear. Appellants contend that it was for a fraudulent purpose. The validity of the indebtedness to the appellee is abundantly established. The execution of the mortgage in June, 1923, and its delivery at said time, are likewise established. The litigation which subsequently was instituted against the mortgagor, the effect of which it is contended he sought to avoid, had not at said time been instituted. The appellee bank had a right to secure its valid claim against the mortgagor by procuring the execution of said mortgage. There is no contention that any of the appellants in this action suffered anything by reason of the failure to record the said mortgage at an earlier date. Appellants accepted their title subject to appellee's mortgage. We do not find from the record that said mortgage was any part of a scheme to hinder, delay, or defraud the appellants or the other creditors of the mortgagor. The decree ordering foreclosure of said mortgage is amply sustained by the record in this cause, and it is in all respects—*Affirmed*.

ALBERT, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.