## LYDAY et al. v. FEDERAL LAND BANK OF HOUSTON.

### No. 5057.

Court of Civil Appeals of Texas.
Texarkana.

Feb. 23, 1937.

Rehearing Denied March 4, 1937.

W. L. Willie, of Paris, for appellants.

Lewis Rogers, Cedric Taylor, and W. G. Sears, all of Houston, for appellee.

WILLIAMS, Justice.

This is a suit in trespass to try title filed by appellee bank against appellant Lyday. The cause proceeded to trial before the court on the one issue joined by appellants'

plea of not guilty. Title and possession of the lands involved were decreed into appellee bank.

It was agreed that E. F. Lyday, father of appellant, was common source of title, and that E. F. Lyday owned this land in 1923. In October, 1926, E. F. Lyday executed a deed of trust to appellee bank on the land involved to secure payment of a loan of $2,000 then obtained from the bank by E. F. Lyday. A foreclosure upon this deed of trust was had and trustee's deed dated December 12, 1932, conveyed this land to appellee bank.

E. F. Lyday having made default on an interest payment due on the $2,000 loan, the Bonham National Farm Loan Association acquired same through assignment and subsequently acquired title to the land involved, all prior to the foreclosure in 1932; the Bonham association taking title to the land subject to the prior lien of $2,000 held by appellee.

In September, 1930, appellant Lyday purchased this tract of land from the Bonham association, and by the terms of this deed he assumed and agreed to pay the $2,000 specified in the deed of trust from E. F. Lyday to appellee bank. Appellant Lyday also by separate agreement in writing assumed payment of the $2,000 note.

No attack was made on the execution and delivery of any of the foregoing instruments, nor that the power of sale contained in the deed of trust to appellee bank was not validly exercised.

Appellant introduced in evidence a deed from his father, E. F. Lyday, to him dated in January, 1921, conveying the land involved. But this deed did not go of record until September 7, 1932. Appellant testified to an agreement between himself and his father in explanation why he had kept the deed from record. This agreement was locked up in secrecy between his father and himself, and appellee is not shown to have had any knowledge of such secret agreement. No evidence was introduced to show that appellant was in possession or had been in possession of the lands at the time of or prior to the date the father executed the deed of trust to appellee. The appellee bank is not shown to have ever had any character of notice that appellant claimed any interest in the lands at the time of or prior to the date the father obtained the loan.

■ This uncontroverted evidence shows appellee bank to be an innocent mortgagee for value, without notice or knowledge of any outstanding claim or title in appellant.

■ And, further, when appellant in the deed to him from the Bonham National Farm Loan Association assumed payment of the $2,000 loan, and acknowledged its existence, he is now estopped as a matter of law to deny the lien or debt given to appellee bank. Jones on Mortgages (8th Ed.) vol. 2, par. 928; J. P. Wooten Motor Co. v. First Bank of Swenson (Tex.Com.App.) 281 S.W. 196; Clark v. Scott (Tex.Civ. App.) 212 S.W. 728. Most clearly do the facts in this cause fall within those well-established and universally recognized principles of law enunciated in the foregoing authorities.

Appellants' assignments of errors 1, 2, and 3 urge that a mortgage could not maintain a trespass to try title suit. It becomes unnecessary to discuss these assignments. Appellee's pleadings declare upon a trespass to try title cause and issue was joined upon appellants' plea of not guilty. Appellee had foreclosed and acquired title in December, 1932.

The judgment is affirmed.