### GORDON et ux. v. ROSEMAN et ux.

### No. 14570.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 12, 1943.

Rehearing Denied Dec. 10, 1943.

Helen M. Viglini, of Dallas, for appellants.

Saner, Saner & Jack and Alfred Sallinger, all of Dallas, for appellees.

BROWN, Justice.

Frank Gordon is the common source of title in this suit, in which the ownership of a certain lot in the City of Dallas is involved.

The marriage records of said county disclose that Frank Gordon and Parrie Lee Green were married on December 24, 1902.

W. J. Jordan and wife conveyed the property in question to Frank Gordon on March 11, 1905.

Frank Gordon died on November 21, 1925, and on March 29, 1927, Parrie Lee Gordon, his surviving wife, made an affidavit to the effect that Frank Gordon died intestate, that there was no necessity for an adiministration upon his estate, and that only one child was born to the union, namely, J. F. Gordon, who was born October 11, 1905.

On March 29, 1927, J. F. Gordon and Parrie Lee Gordon entered into a mechanic's and materialman's contract with one Grant Sadler, for the purpose of having certain work done on the disputed premises, and executed a note in the sum of $500 to cover the labor and materials.

On April 5, 1927, Sadler sold and assigned the said note and lien to Dallas Building & Loan Association; and on the same day J. F. Gordon' and Parrie Lee Gordon made a new note to cover the above-mentioned debt, and in addition thereto, certain monies advanced to pay off delinquent taxes, and these obligors executed a deed of trust lien to Rhodes S. Baker, trustee, to secure the debt.

Parrie Lee Gordon died intestate September 13, 1927.

J. F. Gordon and wife conveyed the property to one Dexter Williams on September 22, 1927, the consideration being in part one note in the principal sum of $950, payable to the order of Bettie McCullough, a feme sole, and which sum represents the renewal and extension of the note theretofore executed to and held by Dallas Building & Loan Association, and the execution of a second note in the sum of $650, payable to the order of J. F. Gordon. The lien reserved to secure the first mentioned note is made a first lien, while that securing the second note is made subordinate to the first.

Said Building & Loan Association duly assigned and transferred its said note and lien to said Bettie McCullough.

On April 12, 1928, Dexter Williams and wife conveyed the property to Henry Knighton, a part of the consideration being the assumption of the Bettie McCullough note and the execution of a note in the sum of $650, payable to Dexter Williams; and Knighton executed to A. H. McCullough, as trustee, a deed of trust on the property to secure the Williams note.

Dexter Williams sold and assigned his note and lien to Sadie Black, and default having been made in its payment, the said trustee, on July 3, 1928, sold the property at public vendue and Sadie Black became the purchaser.

On August 16, 1928, Sadie Black, joined by her husband, conveyed the property in question to Nolan Gordon and wife, Alice, the consideration recited as being the assumption of the Bettie McCullough note and the execution by grantees of a note in the sum of $700, payable to Sadie Black.

(Nolan Gordon is the party who is claiming to have title to the lot in controversy).

On August 14, 1934, Nolan Gordon and wife executed to Edw. A. Belsterling, as trustee, a deed of trust on the property to secure the payment of a note in the principal sum of $1,083, executed by Nolan Gordon and wife, payable to the order of Bettie McCullough, which note is declared to be in renewal and extension of the Bettie McCullough note described above, together with the over-due interest accrued thereon.

Default having been made in the payment of such note, Belsterling, the trustee, on July 2, 1940, sold the property and Mittie F. Williams, a widow, became the purchaser.

On August 11, 1941, Mittie F. Williams conveyed the property to Willie Roseman and wife, Vera.

Mittie F. Williams became the lawful owner of the McCullough note and lien by devise, as is disclosed by the probated will of Mrs. McCullough, who died April 27, 1940.

Nolan Gordon and wife being in possession of the property and refusing to deliver possession to the Rosemans, this suit was brought in trespass to try title against the Gordons and the property was sequestrated by the plaintiffs below.

The Gordons answered and by a cross-action brought suit in trespass to try title against the plaintiffs.

Nolan Gordon seeks to hold this property under the theory that he is a son of the late Frank Gordon by a common-law marriage with one Mattie Means, and that his father and mother made an oral gift of the property to him and that he went into possession and made valuable improvements thereon, and that it is his homestead and has been all of these years. Nolan Gordon's theory is that, the property being his homestead at all times, none of the instruments creating liens thereupon, including those executed by him, is valid for any purpose.

The plaintiffs below pleaded estoppel, limitations and all appropriate defenses under the above-stated facts.

The cause was tried to a jury and the following findings were made: (1) That Nolan Gordon is the son of Frank Gordon, (2) that Frank Gordon and Mattie Means mutually agreed to become husband and wife for the balance of their natural lives, (3) that they lived and cohabited as husband and wife, (4) that the agreement entered into was made before the birth of Nolan Gordon, (5) that Frank Gordon made an absolute gift of the property in question to Nolan Gordon, (6) that he then delivered actual possession to Nolan, (7) that Nolan made valuable improvements

thereon prior to the death of Frank Gordon, (8) that the improvements were made solely because of the said gift to him, (9) that the gift was not to take effect only after the deaths of Frank Gordon and Parrie Lee Gordon, (10) that Willie Roseman and wife Vera had actual notice of the claims of Nolan Gordon before they purchased the property, (12) that the property was the homestead of Nolan Gordon and wife, on March 29, 1927, (13) that Nolan Gordon did not have notice, within a reasonable time, that the owner and holder of the note for $1,083 would foreclose on the property if the payments on the note were not brought up to date.

Plaintiffs requested a peremptory charge and this not being given, they moved for judgment notwithstanding the verdict.

The defendants moved for judgment on the verdict, and their motion was denied.

The trial court sustained plaintiffs' motion for judgment non obstante veredicto, and the defendants have appealed.

We do not see the necessity of discussing all of the assignments of error presented, but will endeavor to get to the meat of the controversy.

In the first place, we do not believe that the evidence adduced on the trial of the instant suit is sufficient as a matter of law to raise the issue of a common-law marriage between Frank Gordon and Mattie Means, and the legitimacy of Nolan Gordon, but even if the evidence is sufficient to support the issue, Nolan Gordon is confronted with a barrier to any of his asserted rights.

If his evidence has established a parol gift (and we do not believe that it does), we do not find him entering upon, using and occupying the property from the date of the asserted parol gift, and exercising complete ownership and control thereof.

But assuming that the facts disclose a valid parol gift to Nolan, what do the subsequent facts show?

Nolan, being the asserted owner of an equitable title, purchases the property from the owner of the record title, assumes outstanding debts against it and executes his notes and deed of trust liens against the premises, and his title, whatever it may have been, has been lost by reason of his having made default in his payments.

Nolan Gordon has merged the titles and he cannot at this time be heard to say that the debts and liens for whose existence he is responsible, are invalid and that the actions taken thereunder which deprived him of his interest in the property are void.

There is no merit in appellants' contentions, and all assignments of error must be overruled.

Lyday et al. v. Federal Land Bank of Houston, Tex.Civ.App., 103 S.W.2d 441, writ dismissed; J. P. Wooten Motor Co. v. First Nat. Bank of Swenson et al., Tex. Com.App., 281 S.W. 196 (opinion adopted and entered as the judgment of the Supreme Court).

Judgment affirmed.