FORT WORTH & DENVER CITY RAILWAY COMPANY
v. CHRIS. PETERS.

No. 182.

1. **Fellow-Servant—Negligence—Section Gang.**

Allegations that B. was foreman of a section gang to which plaintiff belonged, having power to employ and to discharge the hands subject to his control, and that he directed plaintiff to take a standing position upon a handcar upon which they were moving, and that while plaintiff was in that position, B., who was directing the movements of the car, permitted it to be run at a dangerous speed; and that while it was so running, without warning to plaintiff B. caused the car to be suddenly stopped, whereby plaintiff was thrown off and injured without fault on his part, show a cause of action for injuries so suffered, against the railway company.................... 224

2. **Vice-Principal.**

The rule of vice-principal applies to any special business of the master which is carried on by a number of employes under charge of another with power to employ and discharge the servants employed in the particular business in which they are engaged ..... .................................... 224

3. **Section Boss—Mode of Appointment.**

It is immaterial through what agency the power of employing and discharging hands may be given to a section boss; the material thing is that he has such power. That such power was given through the roadmaster is of no consequence in a litigation by a member of a section gang injured through negligence of his superior, the section boss.............. ......... ........ 225

4. **Immaterial Error.**

An erroneous charge can not be ground for reversal on complaint of the party favored by such charge. See example.............. ..............223, 225

ERROR to Court of Civil Appeals for Second District, in an appeal from the District Court of Wise County.

The judgment below, which was affirmed in the Court of Civil Appeals, was for $2891 for bodily injury caused plaintiff by alleged negligence of the defendant, the railway company. The act of negligence was on the part of a section boss named Brooks, under whose immediate direction was the plaintiff at the time of the injury. The third complaint in the petition for writ of error, and which is referred to in the opinion, is as follows:

"The Court of Civil Appeals also erred wherein it held that there was no error of which plaintiff in error could complain contained in that portion of the charge set out under the eleventh assignment of error, wherein the jury were instructed: 'If the said Brooks caused the plaintiff to get upon a handcar, and to take on said car a dangerous and extra hazardous position, and if the said Brooks had the management and control of said handcar, and if the said Brooks negligently caused the said handcar to be run at a high speed, and if while said handcar was so running the said Brooks negligently caused the said handcar to be suddenly stopped, and if thereby the plaintiff was thrown from and run over by the said handcar, and if the plaintiff was not himself guilty of contributory negligence, he would be entitled to recover of the defendant the damages, if any he sustained thereby; and if you so believe you will find for plaintiff the damages, if any, he so sustained therefrom, to be estimated by you from the evidence under subsequent parts of this charge.' "

The Court of Civil Appeals, in passing upon the eleventh assignment of error, said:

"We find neither allegation nor proof that Brooks caused the plaintiff to take a dangerous and extra hazardous position on the handcar, nor are we able to say from the evidence that said Brooks caused the handcar to be suddenly stopped; but we are of opinion that the charge, in requiring the jury to find these two acts of negligence to concur with the third, involving the high rate of speed, placed a burden upon defendant in error more onerous than the law required, and that this error was in favor of and not against the plaintiff in error; and for that reason we think the eleventh assignment of error must be overruled."

*Stanley, Spoonts & Meek*, for plaintiff in error.—1. The allegations of plaintiff's petition with reference to the duty and authority of the section foreman are not sufficient to make him the vice-principal of the plaintiff.

The rule is, that when the duty which the agent is required to perform is an authorized obligation which the master owes to all his servants, then the doctrine as to vice-principals arising from the authority to employ and discharge hands is applicable; otherwise it is not. Railway v. Smith, 76 Texas, 611; Railway v. Welch, 72 Texas, 298; Railway v. Mitchell, 72 Texas, 171; Railway v. May, 15 Am. and Eng. Ry. Cases, 320; Wood's Mast. and Serv., sec. 438.

2. In its most extended application the courts have never gone beyond holding that the employe, in order to take him out of the position of fellow servant, must have charge of a special department of the company's business directly from and under the company, with full power to employ and discharge servants; and in·this case we sub-

mit that the petition does not show that the section foreman, Brooks, had charge of any department of the Fort Worth & Denver City Railway Company. Railway v. Williams, 75 Texas, 4; Railway v. Farmer, 73 Texas, 85; Wall v. Railway, 4 Texas Law Rev., 37; 2 Rorer on Rys., 832, 833; Railway v. Smith, 76 Texas, 611.

*Carswell, Fuller & Terrell*, for defendant in error, cited: Railway v. Williams, 75 Texas, 4; Railway v. Wells, 81 Texas, 685; Brown v. Sullivan, 71 Texas, 470; Railway v. Brentford, 79 Texas, 619; Railway v. Whitmore, 58 Texas, 276; Railway v. Porfert, 72 Texas, 344; Railway v. Murphy, 46 Texas, 365; Connor v. Saunders, 81 Texas, 633; Railway v. Levi & Bro., 59 Texas, 675; Railway v. Wilson, 60 Texas, 142; Campbell v. Trimble, 75 Texas, 270; Tucker v. Hamlin, 60 Texas, 171; Erwin v. Bowman, 51 Texas, 513; Loper v. Robinson, 54 Texas, 510; Railway v. Moore, 69 Texas, 160; Powell v. Haley, 28 Texas, 52; Lewy & Co. v. Fischl, 65 Texas, 311; Railway v. Doyle, 49 Texas, 190; Railway v. Oram, 49 Texas, 341; 3 Wood's Ry. Law, 1455.

· GAINES, ASSOCIATE JUSTICE.—After a careful examination of the record in this case, we conclude that the grounds of error alleged in the application for the writ can not be sustained.

The petition alleged, that Brooks was foreman of the section gang to which the plaintiff belonged, and that he had the power to employ and discharge the hands subject to his control; that he directed the plaintiff to take a standing position upon the handcar upon which they were moving, and that while plaintiff was in that position, Brooks, who was directing the movements of the car, permitted it to be run at a dangerous rate of speed; and that while it was so running, without warning to plaintiff, he caused the car to be suddenly stopped, whereby plaintiff was thrown off and injured, without fault on his part. This alleges negligence on part of the foreman in permitting the car to be run in a dangerous manner, and the absence of negligence on part of the plaintiff.

According to the averments in the petition, Brooks and plaintiff were not fellow servants. There is nothing either in the language or the reasoning in the opinion in Railway v. Williams, 75 Texas, 4, which leads to the contrary conclusion. It is true we there say, that "there are numerous cases which hold the employe who has charge of a special department of the company's business, with the power to employ the servants in his department, is not to be deemed the fellow servant of those under his control;" but it was not meant by this that the department of the business should necessarily be a principal one. We think the rule applies to any special business of the master which is carried on by a number of employes under charge of another, with power to employ and discharge the servants engaged in that business.

We think the demurrer and exceptions to the petition were properly overruled.

We are of opinion, also, that it is unimportant that the power of employing and discharging hands exercised by Brooks was conferred upon him by the roadmaster. The material fact is that he had the authority; it is immaterial through what officer or agent of the company it was derived. It follows, that in our opinion there was no error in refusing the charge, the rejection of which is complained of as the second ground of the application.

The third assignment of error in this court complains that the Court of Civil Appeals erred in not sustaining the appellant's eleventh assignment in that court. That assignment complained of a certain paragraph in the charge of the court. Since we think that the Court of Civil Appeals properly disposed of that question in their opinion, it is unnecessary that we should add anything to what they have said as to that matter.

The judgments of the Court of Civil Appeals and of the District Court are affirmed.

*Affirmed.*

Delivered June 18, 1894.

Motion for rehearing overruled October 8, 1894.