# SECOND DISTRICT, 1895.

### S. H. LUMPKIN V. MRS. B. NICHOLSON ET AL.

#### No. 1736.

1. **Homestead—Abandonment—Intention and Preparation.**—Where the owner of a homestead has never ceased to occupy it as such, no amount of preparation and intention on his part to abandon it will divest it of its exempt character.

2. **Same—Removal of Family.**—See the opinion for evidence warranting a finding by the jury to the effect that the homestead had not been abandoned, although the family had removed therefrom to the Indian Territory, where the husband, just prior to such removal and his own death, had applied for and obtained the rights of citizenship for himself and family.

3. **Charge of Court—Construction—Inaccuracy.**—A judgment should not be reversed on the ground that one inaccurate paragraph of the charge of court might have misled the jury, when any intelligent reader of the entire charge could not reasonably have been misled thereby.

4. **Decedent's Estate—Solvency—Exemptions.**—The statutory exemptions, also the amount of a proper allowance for a year's supply, may be taken into consideration in determining the solvency or insolvency of a decedent's estate though no application had been made to the Probate Court for them, or allowance in lieu thereof.

5. **Trespass to Try Title—Rents and Improvements.**—In submitting the issue of rents and profits, the jury should be instructed to assess the annual rental value without reference to the improvements placed by the defendant on the land.

APPEAL from Bosque.    Tried below before Hon. J. M. HALL.

*J. B. Wilson, William M. Knight,* and *S. H. Lumpkin,* for appellant. When a wife removes her domicile from this State to another State, she relinquishes any right of homestead which she might have retained had she continued an inhabitant of Texas.    McElroy v. McGoffin, 68 Texas, 209; Reece v. Renfro, 68 Texas, 192; Smith v. Uzzell, 56 Texas, 315; Jordan v. Goodman, 19 Texas, 273; Trawick v. Harris, 8 Texas, 312; Perry v. Dillrance (Iowa), 53 N. W. Rep., 280; Sanburn v. Deal (Texas), 22 S. W. Rep., 192.

No brief for appellees reached the Reporter.

STEPHENS, ASSOCIATE JUSTICE.—The forty acres of land involved in this contention, situated in Bosque County, Texas, was the homestead of R. L. Nicholson, who died therein in March, 1884.    He had resided there with his family continuously for about twelve years next before that date.    His relict, Mrs. B. Nicholson, and their children, appellees herein, continued to reside upon the land for a few months thereafter, when they moved to the Cherokee Nation, Indian Territory, where they have resided ever since.

A short time prior to his death, R. L. Nicholson established, in accordance with the laws of the Cherokee Nation, the right to citizenship for himself and family in that Nation, and carried a portion of his personal estate there, preparatory to their contemplated removal from the State of Texas. This contemplated removal his wife and children carried into effect after his death, as indicated above, taking with them the rest of his personal estate (except a little furniture), with which in part, was there purchased an improvement consisting of a dwelling house and lots, with about thirty acres of land inclosed, which they occupied thereafter as a home. She did not buy the land, for the reason that land in the Indian Territory was not sold. The evidence tended in some degree to show that this removal was for the purpose of obtaining better educational facilities than were afforded at the residence in Bosque County, and also that the children might be nearer the relatives of the deceased father; and that the widow had not at any time entirely given up the intention of returning to Texas. There was also some evidence that the deceased husband and father intended to reserve the home in Bosque County as a "nest egg" and "place for his family to take shelter in, in case of accident."

Letters of administration were taken out in Bosque County upon the estate of R. L. Nicholson, deceased, by John Harvey, in the year 1885, whose right thereto was ineffectually contested by the widow, her claim being denied upon the ground of her nonresidence. In the course of this administration, the property in controversy was regularly sold in pursuance of the orders of the Probate Court, and appellant became the vendee of the purchaser at probate sale. The estate, excluding the personal property removed to the Indian Territory, on final settlement proved to be insolvent, but whether, if that property had been taken into account, and allowance made to the widow and children, as provided in our probate law, it would have so proven, was a controverted issue of fact.

In February, 1891, this suit was brought by the appellees to recover the forty acres of land from appellant, and from a judgment in their favor this appeal is prosecuted.

The first error is assigned to the following paragraph of the charge: "You are instructed, that if you believe from the evidence that R. L. Nicholson resided upon the land described in the petition, with his family, using the same as a home, and that he was so residing, using the same at the time of his death, and shall further believe that his surviving wife and children continued to so claim and use the same, then you will find for the plaintiffs, and so say by your verdict."

While this charge is not entirely accurate as applied to the facts of this case—the surviving wife and children having continued to use the place as a home for only a few months—we have come to the conclusion that, as the two next succeeding paragraphs stated so fully the law arising upon the defense of abandonment, the jury could not reasonably have been misled by the paragraph in question. Under the undis-

puted facts, the court might well have assumed that the property was the homestead at the death of R. L. Nicholson. He had never ceased to occupy it as such, and hence no amount of preparation and intention on his part to abandon it could have divested its exempt character. The issue then was, whether after his death it had been abandoned; and this issue was fully submitted by the charge, and quite as favorably to appellant as the law warranted. To reverse a judgment on the ground that one inaccurate paragraph of the court's charge might possibly have misled the jury, when any intelligent reader of the whole charge could not reasonably have been misled thereby, is to subject jury verdicts to tests wholly incompatible with justice and common sense. Besides, in requiring appellees to prove the continued use and claim of the property as a home to coexist, the charge was to their detriment rather than to that of appellant. Railway v. Peters, 87 Texas, 222.

The homestead when once established may be continued, for a season at least, by intention without use.

The next assignment questions the insufficiency of the evidence to support the verdict. The acts of the parties tended strongly to support the conclusion that expatriation and abandonment had been accomplished, and a new domicile acquired, and we might have so found from the evidence; but there was positive rebutting testimony, if believed by the jury, sufficient to overcome such conclusion. The testimony of the widow to that effect was corroborated by other evidence. We consequently overrule this assignment.

The objections taken to the charge submitting the issue as to the insolvency of the Nicholson estate do no seem to require a reversal of the judgment. That issue was submitted only in case appellees had not moved to the Indian Territory with intent to make the same their home. If, then, no domicile had been acquired there, but only a temporary residence, it seems to us that our statutory exemptions (if not the amount of a reasonable and probable allowance for a year's supply) should have been taken into consideration in determining the solvency or insolvency of the estates, though no application had been made to the Probate Court for them, or allowances in lieu thereof.

The evidence did not require the submission of the special charge requested as to nonjoinder of B. Martin, to the effect that he had been driven from home, nor did the pleadings raise the issue which this charge requested to be submitted as to the nonjoinder of another party.

In submitting the issue of rents and profits, the jury should have been instructed to assess the annual rental value, without reference to appellant's improvements. The objection to the pleading on this branch of the case can be easily obviated upon another trial, as also to the nonjoinder of parties plaintiff.

The judgment in favor of appellees for the land is affirmed, but on account of the error in the charge as to damages, in that it did not limit the value of the use and occupation to the land without reference

to the improvements placed thereon by appellant, the judgment is in other respects reversed and the cause remanded for a new trial upon issues other than the title to the land.

*Affirmed as to the land.*

*Reversed and remanded as to improvements.*

Delivered March 6, 1895.