## J. A. DELANEY V. CORA WALKER.

Decided February 24, 1904.

**1.—Homestead—Abandonment—Mortgage.**

So long as lots are actually used and occupied as a homestead a mort-gage given on such lots is null and void, even though it was the intention, at the time of the execution of the mortgage, of the parties so occupying to abandon it.

**2.—Same—Pleading.**

An allegation that defendants had abandoned the mortgaged property now claimed to be homestead at the time the note and mortgage on which foreclosure was sought were executed refers to the time the instruments were dated and alleged in the petition to be executed, and does not put in issue a claim that they were executed at a subsequent time, and that their home-stead rights had then been abandoned.

Appeal from the District Court of Dallas. Tried below before Hon. Thos. F. Nash.

*M. L. Dye,* for appellant.

*R. M. Clark,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by J. A. De-laney, appellant, against General Walker and his wife, Cora, the ap-pellee, to recover on the promissory note and to foreclose the mortgage given to secure its payment described in our conclusions of fact. In his pleadings the plaintiff alleged that the note and mortgage were ex-ecuted and delivered on the 10th day of December, 1892.

It is only necessary to state the defenses plead by the appellee. They were that the note was for money borrowed by her husband, General Walker, at the time it and the mortgage declared on were executed. That at the time the lots described in the mortgage were her separate prop-erty, and the homestead of herself, husband and family, and were ac-tually occupied at the time as such homestead, and had been so occupied long prior to the date of said instruments; and that ever since said time the lots described in the mortgage have continued to be the homestead of herself and family. That she never received any of the money, but that it was paid to and used by her husband, who by force and threats, and by placing her in fear of her life, compelled her against her will to execute said instruments.

The case was tried before a jury and the trial resulted in a judgment in favor of appellant against General Walker for the amount due upon the note sued on, without a foreclosure of the mortgage, and in favor of the appellee, upon the ground that the lots upon which the mortgage was given were, at the time it was executed, the homestead of herself and family. From the judgment in her favor this appeal is prose-cuted.

*Conclusions of Fact.*—On the 10th day of December, 1892, General Walker and Cora Walker executed their promissory note bearing that date, whereby they promised to pay to the order of themselves the sum of $360, with exchange on New York, on the 10th day of December, 1895, at the banking office of Lindsley & Lindsley, in the city of Dallas, with interest thereon from date until maturity at the rate of 10 per cent per annum and payable semiannually on the 10th days of June and December of each year, according to the tenor and effect of six interest coupon notes of $18 each, of even date therewith, and attached to said note and numbered from one to six inclusive. There were other provisions in the note not necessary to state. Upon the same day Walker and his wife, the appellee, executed and duly acknowledged and delivered to Philip Lindsley, trustee, a mortgage or deed of trust upon certain lots situated in the city of Dallas, Texas, which are the lots described in plaintiff's pleadings. The note and mortgage were given for money loaned at the time they were executed to appellee's husband. At the time of the transaction and long prior thereto, the lots upon which the mortgage was given were the homestead of General Walker and his family, the lots being appellee's separate property. Walker and his family were at that time in actual occupancy of the lots and residing thereon as their homestead, and the facts constituting such homestead were known to the payee of the note at the time the money was loaned and the note and mortgage executed. During the Christmas holidays of 1892, General Walker and his wife rented out their homestead upon which the mortgage was given and went with their family to Oklahoma. There General Walker got into trouble and was sent to the penitentiary in Kansas, and in 1894 his wife, in pursuance of her intention, returned to Dallas with her children and resumed occupancy of their homestead. The testimony is sufficient to warrant the conclusion that the property was never abandoned as homestead. That it was rented was merely temporary and that the intention of Walker and his wife was to return to Dallas and resume the occupancy of the premises as their homestead. Such intention on the part of General Walker was thwarted by his sentence and imprisonment in the penitentiary, but the appellee carried out her intention by returning to her home with her children. There is testimony tending to show that General Walker by force and threats compelled his wife, Cora, to execute the mortgage against her will, and that Philip Lindsley & Son, who loaned the money and took the note and mortgage to secure it, had notice of such facts and circumstances as would put a reasonably prudent man upon such inquiry as to the facts constituting the duress of appellee as, if pursued, would lead to actual knowledge of such duress. The appellant became the owner of the note after its maturity and was charged with knowledge of the fact that the lots given to secure it were the homestead of Walker and wife at the time the note and mortgage declared on

were executed, and also with knowledge that the note and mortgage were executed by appellee while under duress.

*Conclusions of Law.*—1. As all the lots upon which the foreclosure is sought were, at the time of the execution of the mortgage, actually occupied and used by Walker and wife as their homestead, such mortgage is absolutely null and void, even though it should appear, as is contended by appellant, that at the time it was executed Walker and his wife had formed the intention and were making preparations to abandon it by moving to and acquiring a home in Oklahoma Territory. Texas Land Co. v. Blalock, 76 Texas, 89; Claywood v. Henderson, 44 S. W. Rep., 927; Building & L. Assn. v. Guillemet, 15 Texas Civ. App., 649, 40 S. W. Rep., 227; Lumkin v. Nicholson, 10 Texas Civ. App., 108, 30 S. W. Rep., 568; Tackaberry v. National Bank, 85 Texas, 493. As is said in the case last cited: "The rule that the home of the family, so long as it continues to be the property of the head of the family and is occupied by the family as a residence, can not be considered as abandoned, whatever may be the intention as to future occupancy, is a wholesome rule, and ought not to be departed from."

2. The charge of the court that if the jury believed from the evidence that at the time the $360 note was executed by General Walker and Cora Walker, the property described in the mortgage was all used by defendants as a homestead, and that they lived upon the same and used it for their comfort and convenience, the deed of trust would be null and void as to the whole property, was the only charge the court was authorized by appellant's pleadings to give upon this issue. As is shown from our statement of the pleadings, it was alleged by plaintiff that the note and mortgage were executed upon the 10th day of December, 1892. No other time as to the execution of said instruments was alleged in any of appellant's pleadings. If, therefore, at that time all the property mortgaged was actually occupied by Walker and wife and they lived on it and used it as a homestead, it follows from the authorities cited under our first conclusion of law that the mortgage then given upon the property was absolutely void.

3. There is no allegation to be found anywhere in plaintiff's pleadings that the note and mortgage sued on were executed on the 26th day of January, 1893. The allegation in plaintiff's petition specifically alleges that said instruments were executed upon the 10th day of December, 1892. The instruments executed at that time are the only ones declared upon. The allegation in the supplemental petition is "that at the *time* Cora Walker and her husband, General Walker, executed and delivered said note for $360 and said deed of trust dated on the 10th day of December, 1892, on which judgment and foreclosure is prayed for, Cora Walker and General Walker were not living on any of the land in controversy, but both of them were living and residing elsewhere, and were not occupying said land at any time as a home-

stead, and had abandoned said homestead rights, if any they ever had, in said lands." *Time,* as used in this allegation, has reference and relates to the allegations in plaintiff's second amended original petition that "on the 10th day of December, 1892, defendants made and executed their certain promissory note in writing bearing date on the day and year aforesaid, * * * and secured it by a deed of trust of even date therewith, duly executed and acknowledged by defendants," etc. In view of appellee's plea that the premises constituted the homestead of herself and family when the note and mortgage were executed, the issue thus raised by the pleadings was whether the premises were at that time the homestead of defendants. And the evidence being clear and undisputed that they were then in actual possession, living upon and occupying the mortgaged premises as their homestead, it is immaterial whether they afterwards abandoned the property or not, or, if abandoned, they afterwards executed a new note and mortgage, for no such new note or mortgage is declared upon. As the uncontradicted evidence shows that defendants had not abandoned the property when the note and mortgage sued upon were executed, the court did not err in failing to submit to the jury as an issue the question of abandonment, by peremptorily charging, at the request of plaintiff, that the undisputed evidence showed that the defendants had abandoned the property as their homestead, and had left the State of Texas, and were living at Oklahoma when the deed of trust was executed, or in failing to otherwise submit the question of abandonment, for the pleadings of plaintiff raised no such issue.

The judgment of the District Court is affirmed.

*Affirmed.*

Writ of error refused.