FRENCH v. COLEMAN et al. (No. 10222.)

Court of Civil Appeals of Texas. Dallas. Dec. 22, 1928.

470

Justice & Justice, of Athens, for appellant.

W. B. Harrell, of Dallas, for appellees.

VAUGHAN, J. Appellees, C. H. Coleman and S. M. Cain, as independent executors of the estate of R. P. Wofford, deceased, filed their suit in the court below against appellant, W. A. French, to recover on certain notes executed by the appellant, payable to testator, and for the foreclosure of a deed of trust lien on certain real estate located in Pecos county, Tex., duly executed by appellant to secure the payment of said notes. The notes declared upon ·were each dated November 13, 1919, each for the sum of $500, and due, respectively, one, two, three, four, and five years after date, bearing interest at the rate of 10 per cent. per annum from date. The deed of trust was executed on the 13th day of November, 1919, to one O. W. Shaw as trustee for the use and benefit and for the purpose of securing said R. P. Wofford in the prompt payment of said notes.

Appellant answered by way of general denial and plea, claiming the real estate described in said deed of trust as the homestead of himself and wife; said plea being in all respects sufficient to present their homestead claim for determination. No defense was presented as to the notes sued upon.

An instructed verdict was returned by the jury, on which judgment was rendered ·in favor of appellees for the full amount of the principal, interest, and attorney fees due upon the notes sued · upon, and the foreclosure of the deed of trust lien executed by appellant to secure the payment of said notes. The trial court refused to submit to the jury the issue as to whether or not the land upon which appellees sought to foreclose the deed of trust lien was the homestead of the appellant and was his homestead on the 13th day of November, 1919, the date of the execution of the deed of trust so foreclosed.

Appellant presents but one question necessary to be discussed, namely: Did the court err in peremptorily instructing the jury to find in· favor of appellees foreclosing the deed of trust lien on the 120 acres of land sought to be enforced and foreclosed by appellees on the ground that the evidence introduced was insufficient to require the court to submit to the jury the homestead issue raised by appellant's answer? As the case is made by the pleadings, we are not called upon to consider the attitude of the parties in reference to the right to foreclose the deed of trust lien on the real estate involved on account of any changed condition as to the use, etc., of said property that might

have occurred after the execution of the deed of trust in question, for, if said real estate was the homestead of appellant at the time the deed of trust was executed, said deed of trust was void, and no lien was created upon said real estate; and, to the contrariwise, if the 120 acres of land was not the homestead of appellant and· his wife at the time said deed of trust was executed, instantly, on the execution of said instrument, a valid lien was created thereby on said land, and no subsequent dealings with the land as to the use or occupation of same on the part of appellant and his wife could thereafter impair, alter, or change the effect of the lien thus created. In other words, the status of the property at the time of the execution of the deed of trust, as to whether same was or was not then exempt to appellant as a homestead, must control ·the rights of the parties in that respect.

That the validity of a mortgage, trust deed, or other lien on a homestead must be determined by the status of the property at the time such a lien is attempted to be created on the property claimed as a homestead is declared by the following próvision of article 16, § 50, of the State Constitution: "No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the husband alone, or together with his wife; and all pretended sales of the homestead involving any condition of defeasance shall be void."

By the following decisions said interpretation has been given to the above constitutional. provision: Hays v. Hays, 66 Tex. 606, 1 S. W. 895; O'Brien v. Woeltz, 94 Tex. 148, 58 S. W. 943, 59 S. W. 535, 86 Am. St. Rep. 829; Crebbin v. Moseley (Tex. Civ. App.) 74 S. W. 815; Delaney v. Walker, 34 Tex. Civ. App. 617, 79 S. W. 601; Smith Bros., Inc., v. W. J. Lucas et al., decided by this court, opinion by Chief Justice Jones, delivered December 8, 1928, not yet reported; Marks v. Bell, 10 Tex. Civ. App. 587, 31 S. W. 699.

To justify a peremptory instruction, the evidence must be conclusive as to the rights of the litigant against whom such instructions may be given. Therefore, in reviewing the testimony offered, only that which was most favorable to appellant was considered to determine whether or not there was evidence which required the submission of the issue under discussion to the jury for their determination. The test of conclusiveness is as announced in Western Assur. Co. of Toronto, Canada, v. Busch et al. (Tex. Civ. App.) 203 S. W. 460, viz.: "Could it reasonably be supposed that the minds of unprejudiced men of ordinary intelligence might

differ about it, either as to the weight to be given to the testimony or to the deduction drawn therefrom?"

██ The trial court was not clothed with the authority to disregard the evidence in favor of appellant, or to pass upon its truthfulness, but contrariwise, in giving the peremptory instruction, was required to regard all of the evidence in favor of appellant as true. Our investigation having produced the conclusion that the evidence most favorable to appellant, on the issue of fact as to whether or not said 120 acres was the homestead property of appellant at the time of the issuance of the deed of trust sought to be foreclosed thereon, was such that the minds of unprejudiced, reasonable, intelligent, ordinary men could arrive at different conclusions, and that therefore this cause must be reversed and remanded, we are not at liberty to unnecessarily discuss the evidence introduced, but only to give a brief statement, without comment, of the major facts established prima facie by the evidence as a whole in favor of appellant's defense of homestead exemption to the right of the foreclosure of the deed of trust in this cause.

██ Following are the facts we think sufficient to have required the submission of that issue to the jury, namely: That the 120 acres of land involved in this suit was purchased and acquired by appellant and his wife by deed of date November 13, 1919; that appellant and his wife, Mrs. Martha French, were legally married December 22, 1886, at Athens, Henderson county, Tex.; that from said date they continued to reside in Henderson county until the spring of 1912, except the two years (probably 1908–09) that they resided in Saint Jo, Montague county, Tex.; that they left Saint Jo and returned to Athens, Tex., about 1910, and remained there until about 1912, when they moved to Pecos county, Tex., and took possession of the land involved in this suit by actually moving upon and occupying same; that said 120 acres of land was purchased about December, 1912, and occupied by appellant and wife about March or April following; that 80 acres of the said 120 acres was not improved, but 40 acres was in cultivation and had a small dwelling on it; that said 40 and 80 acre tracts adjoin; that they fenced the 40 acres and spent about $1,000 in remodeling the dwelling on same; that the 80 acres was covered by mesquite timber, this they had cut and the land cleared and 25 acres plowed; that said Pecos county land was bought for a home to live on and to cultivate; that in 1919, at the time the deed of trust sought to be foreclosed was executed, appellant lived part of the time on said 120 acres of land and had a crop on it; that from the time said land was purchased to the time said deed of trust was executed appellant cultivated same in alfalfa; that during that time appellant did

not establish his home at any other place, and his wife resided with him on said land part of the time; the household goods appellant owned and had at Athens, Tex., were shipped in 1919 to Buena Vista, Tex.; no part of said household goods have ever been removed from the dwelling on said premises; that it was appellant's intention to return to said land and make it his permanent home, and such has been his intentions at all times since he left there; that the money for which the notes sued upon were executed was borrowed by appellant from R. P. Wofford, appellees' testator, for the purpose of improving said land, buying farming machinery and necessary supplies and other equipment to enable appellant to cultivate said 120 acres of land; that the machinery bought by him with part of said money was shipped with his household goods to Pecos county; that appellant advised wtih R. P. Wofford about the purchase of farming machinery, equipment, and supplies with which to cultivate said land and advised with him about moving out to Pecos county.

In reference to this, appellant testified: "I shipped the household goods and the machinery that I bought along together. I borrowed the money from R. P. Wofford and bought this stuff and then moved out there. I told Wofford and advised with him about it and he knew it. I advised with him about moving out to Pecos county. I gave R. P. Wofford the deed of trust at the time I advised with him about moving out there. He wrote the deed of trust. My household goods are still at Buena Vista, Pecos county. They are not crated up, but are in the house that I built."

Said appellant further testified: "At the time the property in Pecos county was purchased we purchased it for a home, but we have not lived out there continuously because we have not had water sufficient to make a living on it. We tried it but we saw that we would have to wait until times got better and we could get water to irrigate with. We could not make a living on that land without irrigating it. There is prospect now of water being furnished sufficient for irrigation of that land. It has been our intention to move back there and live continuously on that property and that is our intention now. At the time this money was borrowed from R. P. Wofford we were packing up and the money was borrowed to go out and use it on the farm. We were here borrowing that money to make the farm a success and to live there. Since we moved away from the Pecos county property in 1918, it has been our intention to move back on it and that is still our intention. We have not acquired any other homestead since we purchased the Pecos county property."

The above facts, as testified to by appellant and his wife, Martha French, bear upon and are vital as to the status of the Pecos

county property immediately prior to and at the time of the execution of the deed of trust sought to be enforced thereon, and in our judgment were sufficient to require the submission of the homestead issue, raised by appellant's pleadings, to the jury. Toole et al. v. Moore et al. (Tex. Civ. App.) 203 S. W. 429; Western Assur. Co. v. Busch et al., supra; Gulf, C. & S. F. R. Co. v. Clements (Tex. Civ. App.) 203 S. W. 623; Bradshaw v. Brown (Tex. Civ. App.) 218 S. W. 1071; Westchester Fire Ins. Co. v. Biggs (Tex. Civ. App.) 216 S. W. 274; National Life & Accident Ins. Co. v. Weaver (Tex. Civ. App.) 226 S. W. 754; Allison v. Campbell (Tex. Com. App.) 298 S. W. 524.

Reversed and remanded.