## BATES et ux. v. J. D. McCOLLUM LUMBER CO.

### No. 8462.

Court of Civil Appeals of Texas. Austin.

July 14, 1937.

Frank C. Dickey, of Ballinger, for plaintiffs in error.

Roy L. Hill and Shepherd & Patteson, all of Ballinger, for defendant in error.

BLAIR, Justice.

The parties will be designated as appellants and appellee. As assignee, appellee, J. D. McCollum Lumber Company, sued appellants J. M. Bates and wife, Eula L. Bates, on certain notes, and to foreclose a mechanic's lien securing some of them. The only controverted issue was as to the validity of the mechanic's lien, appellants alleging that the property in question was improved for the purpose of making it their homestead, and that the labor and material were furnished and the house completed before they executed the mechanic's lien contract. The jury found, in answer to special issues, that the labor and material were furnished prior to the execution of the mechanic's lien contract, but that it was not the intention of appellants to use and occupy the property improved as their homestead at the time they executed and delivered the mechanic's lien contract. Accordingly, judgment was rendered for appellee against appellant J. M. Bates on the notes sued upon and against both J. M. Bates and his wife for foreclosure of the mechanic's lien securing certain of the notes; hence this appeal.

Appellants present sixteen assignments of error, recopied as propositions of law, each of which complains of alleged improper argument of counsel of appellee to the jury. Only two of the propositions (Nos. 5 and 16) are followed by a statement from the record, citation of authorities, and argument. As to the remainder, appellants merely cite "authorities in support of all the propositions," and which

merely consisted of quotations from numerous cases without making any application of them to any specific proposition. Nor is there any statement showing how, except as to Nos. 5 and 16, any proposition is material under the pleadings and facts. Under the rules of briefing provided by chapter 45, Acts 42d Leg. 1931, p. 68, § 1 (Vernon's Ann.Civ.St. art. 1757), a proposition not followed by "a statement and/or argument on the errors assigned" may be regarded as having been abandoned or waived. Simpson v. Fulcher (Tex.Civ. App.) 45 S.W.(2d) 1012 (writ ref.). However, due to the similarity of the arguments complained of, we have considered each of the propositions presented, and have concluded that neither presents reversible error.

As preliminary it may be observed that no objection was made to any argument complained of at the time made, but complaint was first made by a motion for a new trial. It may also be here observed that the jury answered special issue No. 1 against appellee, consequently any improper argument relating to such issue was manifestly harmless.

Propositions 1, 11, 12, and 13 relate to general discussions of counsel for appellee to the jury with respect to its right to recover under the law and the facts or under the Constitution and the facts. The arguments are complained of because not germane to the issues submitted, and as being prejudicial and not based upon evidence. No objection was made to this argument, and while it may not be entirely germane to the specific issues submitted, there is nothing which would show the jury were influenced by such arguments. They answered one question favorable to appellants and one favorable to appellee. Both questions were raised by conflicting evidence.

By proposition 5 appellants complain that counsel for appellee in his closing argument stated to the jury, as follows: "When we attempted to show the records did you notice that Dickey was objecting all the time? He didn't want the facts and the records. No, sir, he didn't want them in here. That was poison. He knew that they would corroborate these instruments, and corroborate our theory of the case right to the letter and the line and he couldn't deny it. He don't want them in here, his law theory would have went up like a smoke screen."

Appellants contend that the argument was prejudicial and not based upon any evidence, and was upon evidence excluded under the ruling of the court.

■ The trial court qualified the bill of exception complaining of this argument so as to show that it was provoked by argument of counsel for appellants. The controverted issue was whether the mechanic's lien contract was signed prior to the delivery of the material and the furnishing of the labor so as to constitute a valid lien upon the homestead, if it were homestead. Appellee attempted to offer in evidence the books and accounts as proof of when the material was delivered and the labor furnished, but same seem to have been excluded upon the ground that they were under the contract furnished to J. W. Grissom, who was not a party to the suit. In making his argument to the jury, counsel for appellants exhibited to them the account attached to the pleadings, and remarked to the jury that: "Plaintiff's counsel would make out that they wanted this account in evidence, but their attempts to get the same in evidence was not in good faith. If they wanted it in evidence, then just a simple little affidavit and I would have had to disprove the account to have kept it out of evidence." Neither party introduced the account attached to the pleadings in evidence. Clearly appellants' counsel provoked the argument and the reply thereto, and they cannot be heard to complain that it was improper. Dallas Joint Stock Land Bank v. Lancaster (Tex.Civ.App.) 100 S.W.(2d) 1029.

■ The argument was also shown to have been harmless. It related to the first issue submitted as to whether the material and labor furnished were delivered prior to the execution of the mechanic's lien contract. The jury found that they were not. Indisputably, the argument did not influence the jury, because they answered the issue contrary to the argument complained of.

The same thing is true of the arguments complained of by propositions 2, 3, 4, 6, 7, 14, and 16. Each of these arguments related to the first issue submitted, and since the jury answered the issue against appellee, they could not have been influenced by the alleged improper arguments of counsel for appellee.

By proposition No. 16, appellants complain of the following argument of counsel

for appellee: "I am perfectly willing for you to hold up the sacredness of the homestead, and you have a right to do that, yet I want you to hold up the question of the honesty of this debt, honestly incurred, wherein and whereby all the benefits flowed to the defendant in this case, and I think that if you do away with sentiment and take the testimony adduced from the witness stand, that you can do but one thing—and that is to answer the question in the affirmative—that the plaintiff is entitled to recover in this case. We think the law and the facts are with us."

■ Appellants complain of this argument upon the ground that the effect of it was to tell the jury that if they answered said issue in the affirmative, appellee would recover; and appellants cite numerous authorities holding that argument advising the jury as to the effect of their answers to special issues submitted, and advising them to answer the questions propounded in the affirmative so that the verdict would be in favor of counsel's client, constitutes reversible error. The rule, of course, is settled that it is "reversible error for counsel to advise the jury of the legal effect of their answers to the questions submitted—at least where the questions have a significance which a juror's mind, untrained in the law, may not grasp." 41 Tex.Jur. 1204; McFaddin v. Hebert, 118 Tex. 314, 15 S.W.(2d) 213; Galbraith-Foxworth Lumber Co. v. Gerneth (Tex. Civ.App.) 66 S.W.(2) 471.

■■ But no such case is presented here, where only two issues were submitted, and a jury intelligent enough to know how to answer either issue would know that an affirmative answer to the first issue would be favorable to appellee, and a negative answer favorable to appellants. The rule is also settled that counsel may tell a jury that he desires them to answer a question in the affirmative, or negative as the case may be, where there is no appeal to answer the issue a certain way in order to render a verdict on the whole case for the party. Miller v. Wyrick (Tex.Civ. App.) 96 S.W.(2d) 253. In 41 Tex.Jur. 1203, § 341, the rule applicable is stated as follows: "For counsel to request the jury to answer certain issue 'yes' and other issues 'no' is not objectionable; for it is the right of counsel to argue that the issues submitted should be answered in a certain way, and he may inform the jury as to how he personally desires the ques-tions to be answered; or he may suggest the answers that his adversary desires. Counsel may also, with entire propriety, discuss the evidence in relation to the issues submitted." Texas Life Ins. Co. v. Plunkett (Tex.Civ.App.) 75 S.W.(2d) 313; City of Beaumont v. Kane (Tex.Civ.App.) 33 S.W.(2d) 234; and Weiss v. Gaines (Tex.Civ.App.) 51 S.W.(2d) 428.

The judgment of the trial court will be affirmed.

Affirmed.