### STEVENSON v. WILSON et ux.

#### No. 2434.

Court of Civil Appeals of Texas, Waco.

July 9, 1942.

Rehearing Denied Oct. 1, 1942.

**1064**

Morrow & Calvert, of Hillsboro, and J. McAllister Stevenson, of Abilene, for appellant.

·Jerry E. Clarke,· of Hillsboro, for appellees.

RICE, Chief Justice.

This proceeding was instituted in the District Court of Hill County by J. McAllister Stevenson, as plaintiff, against W. L. Wilson and wife, seeking foreclosure of an asserted lien on the undivided interest of Wilson in certain land situate in Hill County, Texas, created by the proper filing and recording· of an abstract of an unsatisfied money judgment theretofore obtained by plaintiff against defendant Wilson.

Defendants answered by plea of res adjudicata, ·and that the land in question was their homestead, therefore not subject to forced sale.

Trial was had to the court without the intervention of a jury; and .the court, at the conclusion of the evidence, rendered judgment that plaintiff take nothing. From this judgment plaintiff has appealed.

■ Neither party requested the court to file his findings of fact and conclusions of law, and none were filed; nor ·are there any express findings of fact incorporated in the court's ·judgment. We therefore must assume that the court found from the evidence the facts and law to be with the defendants on all their pleaded defenses; that is, both on the defense of res adjudicata and on the question of homestead. Schulenburg Mutual Life Ins. Co. v. Huber, Tex.Civ.App., 147 S.W.2d 277; Stein v. Puig, Tex.Civ.App., 159 S.W.2d 154.

It is undisputed that plaintiff, in 1932, in the District Court of Nolan County, Texas, recovered .a money judgment against defendant Wilson; and that his judgment was kept alive and was unsatisfied at the time of this trial. An abstract of said judgment was issued, filed, recorded and indexed, in all respects as required by law, in the office of the County Clerk of Hill County on the 18th day of September, 1936.

In March, 1936, defendant Wilson inherited from his father an undivided one-seventh interest in the land on which plaintiff sought to impress his lien. The Wilsons were married prior to the rendition of the money judgment, and the land in question was all the real estate owned by them. Because we deem it immaterial, we pretermit a statement of the evidence introduced by the Wilsons as to their inten-

tion and acts in reference to constituting said land their homestead.

It further appears that in September, 1937, plaintiff caused an execution to issue out of the District Court of Nolan County on his money judgment against Wilson, and on October 8, 1937, caused the same to be levied on the interest of Wilson in the land in controversy. Thereupon Wilson procured a temporary injunction to issue out of the District Court of Nolan County, prohibiting the plaintiff and the sheriff of Hill County from selling the land so levied on under said writ of execution, and the matter was set down for trial upon the merits. In the injunction suit, Wilson pleaded that he was a married man and the head of a family; that the land levied on was his homestead; and was all the real estate owned by him; that prior to his father's death, which occurred March 16, 1936, and since, he had intended to occupy the land in question as his homestead. He further pleaded repairs made by him to the improvements on the premises for the purpose of making the same his homestead, done prior to the levy of the writ of execution, and actual occupancy, at the time of the filing of the pleading, by his wife and daughter, of the land in question as their homestead.

Stevenson, defendant in the injunction suit, plaintiff here, pleaded the general denial. A jury was empanelled and in response to special issues submitted, found:

(1) That W. L. Wilson, at all times since his father's death, had the intention to make his share of his father's estate his homestead.

(2) That prior to October 8, 1937, Wilson made improvements on the land in question with his own funds for the purpose of using same as his home.

The court, in its judgment, found that W. L. Wilson was a married man; was the head of a family; that the land in question was the only land owned by him; and that the same was his homestead. Stevenson and the sheriff of Hill County were perpetually enjoined from selling, or attempting to sell, the land in question.

Stevenson's appeal of said cause is reported in Tex.Civ.App., 130 S.W.2d 317. The judgment of the trial court was affirmed, and writ of error denied by the Supreme Court.

Thereafter, in May, 1939, plaintiff Stevenson instituted this suit in the District Court of Hill County, pleading, and praying for foreclosure of, his abstract of judgment lien on the same tract of land which was adjudged to be the homestead of Wilson in the above-mentioned prior proceeding had in the District Court of Nolan County.

As a complete defense to the cause of action asserted by Stevenson in this cause, the Wilsons pleaded and made proof of the above-mentioned final judgment rendered by the District Court of Nolan County. While we are not favored with a brief for the appellees, we gather from their pleadings that it is their position that Stevenson is asserting in this cause the same cause of action he asserted in said former suit in the District Court of Nolan County, and that the fact issue of homestead vel non made by the pleadings of the parties in the Nolan County case is the same fact issue raised by the pleadings in this case. As supporting this plea of res adjudicata, we assume that the Wilsons relied upon rules of law hereinafter stated.

It is the rule that when parties have had the opportunity of litigating certain issues and a final judgment is entered in the cause adjudicating these issues, it is not the policy of the law to permit a re-litigation of such questions. A judgment on an issue directly involved in a case is conclusive in a second suit between the same parties, although the second suit relates to a different subject matter. It is also settled that an issue of fact necessary for a determination of issues in a prior case, and a judgment entered therein, create an estoppel by judgment against relitigation of the same issue. Rio Bravo Oil Co. v. Hebert, 130 Tex. 1, 106 S.W.2d 242; Hanrick v. Gurley, 93 Tex. 458, 54 S.W. 347, 55 S.W. 119, 59 S.W. 330; Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 27 S.W.2d 526; Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97, 47 Am. St.Rep. 79; 26 Tex.Jur. p. 14, sec. 354, p. 135, sec. 418.

We are of the opinion that the above-mentioned general principles of law have no application to the factual situation here presented.

In the first place, the cause of action asserted by Stevenson in the Nolan County case was his legal right to have the land involved sold in satisfaction of his money judgment by virtue of a writ of execution levied thereon on October 8, 1937. Stevenson's rights, if any he had, to sub-

ject said land to the satisfaction of his demand accrued as of the date of the levy of said writ. To prevent the sale of said land under the levy of said writ of execution, the Wilsons filed their suit in the District Court of Nolan County, pleading that the land levied on was their homestead, and seeking injunctive relief. Stevenson answered by the plea of general denial. He did not plead, or introduce proof of, his abstract of judgment.

■ The issues of fact as well as of law thus joined by the pleadings of the parties in said Nolan County proceedings were as to the homestead status of said land on the date of the levy of said writ, and thereafter to the date of rendition of judgment in said cause. There was no other issue before the court. Therefore, the judgment of the court being confined in its scope to the issues made by the pleadings, was an adjudication of the homestead status of said land as of October 8, 1937, and thereafter. In said cause it was not necessary for the court to determine and adjudicate, and its judgment did not adjudicate and determine, the homestead status of the land involved, at any time prior to October 8, 1937. Therefore, the finding by the District Court of Nolan County that as between the parties to said cause the land levied on was the homestead of the Wilsons at the date of the levy, and thereafter, cannot be urged as an estoppel by judgment to prevent Stevenson from having litigated the issue as to homestead status of said land as of September 18, 1936, the date of the filing and recording of his abstract of judgment.

■■ We are also of the opinion that no legal duty rested upon Stevenson to plead, and seek foreclosure of, his abstract of judgment in his answer to the injunction suit brought by the Wilsons in Nolan County; and therefore, his cause of action based on his abstract of judgment is not concluded by the Nolan County judgment. In our opinion, Stevenson's cause of action on his abstract of judgment was distinct and separate from his cause of action based on his asserted right to sell said land under a writ of execution levied

thereon more than twelve months subsequent to the filing and recording of his abstract of judgment. 26 Tex.Jur. 137, sec. 419; Sumner v. Volunteer State Life Ins. Co., Tex.Civ.App., 100 S.W.2d 1079; Moore v. Snowball, 98 Tex. 16, 81 S.W. 5, 66 L.R.A. 745, 107 Am.St.Rep. 596.

■■ We are also of the opinion that the trial court's judgment cannot be sustained on the implied finding that the land involved was the homestead of the Wilsons at the date of the filing and recording of the abstract of judgment. The Wilsons pleaded that the land was their homestead on and after October 8, 1937. They did not plead that the land was their homestead on September 18, 1936, the date of the filing and recording of said abstract of judgment. Over Stevenson's objections, the court permitted the Wilsons to introduce evidence of their intentions formed and acts done prior to October 8, 1937, as tending to show that the homestead status was fixed and had attached to said land prior to, and on the date of, the filing of the abstract of judgment. In this the court was in error. To defeat Stevenson's cause of action, it was incumbent on the Wilsons to both plead and prove that the land involved was their homestead on and subsequent to September 18, 1936, the date of the filing and recording of the abstract of judgment. They, by their pleadings, limited their defensive issue of the homestead status of the land in question, as well as the proof of their intentions and acts in respect thereto, to October 8, 1937, and thereafter. Sipe v. Sayer, Tex.Civ.App., 140 S.W.2d 297, 1112; Anderson v. McKay, 30 Tex. 186, 190; Cain v. Dickson, Tex.Civ.App., 78 S.W.2d 1095; Clem Lumber Co. v. Elliott Lumber Co., Tex.Com. App., 254 S.W. 935, 939; Delaney v. Walker, 34 Tex.Civ.App. 617, 79 S.W. 601.

Under the state of the pleadings of the Wilsons and the admissible evidence, the court had no basis for an implied finding that the land was their homestead on September 18, 1936, or at any time prior to October 8, 1937.

Because of the errors of the trial court above set forth, the cause is reversed and remanded to the trial court.