As so reformed, the judgment is affirmed and appellants' motion for rehearing is overruled.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

**STEVENSON v. WILSON et al.**

No. 2758.

Court of Civil Appeals of Texas.
Tenth District. Waco.

Nov. 20, 1947.

Rehearing Denied Dec. 18, 1947.

Morrow & Calvert, of Hillsboro, and J. McAllister Stevenson, of Abilene, for appellant.

Jerry E. Clarke and Vernon Allred, both of Hillsboro, for appellees.

HALE, Justice.

This is a suit to foreclose an asserted abstract of judgment lien on property claimed to be exempt from forced sale because of its homestead character. For a detailed history of the litigation prior to the trial from which the present appeal has been perfected reference is made to the reported opinions in Tex.Civ.App., 130 S.W.2d 317 and Tex.Civ.App., 163 S.W.2d 1063.

From the record now before us and the opinions to which we have referred, it appears that appellant, J. McAllister Stevenson, recovered a judgment against appellee, W. L. Wilson, in the District Court of Nolan County during the year 1932 for the sum of $3,143.03. That judgment has been kept in full force and effect, continuously, and has never been fully satisfied. On March 16, 1936, Wilson's father died, leaving a will by the terms of which he devised to his son an undivided 1/7th interest in 468 acres of land situated in Hill County, Texas. On September 18, 1936 appellant caused an abstract of such judgment to be issued and the same was duly recorded in Hill County the next day after its issuance. On October 8, 1937 the sheriff of Hill County levied a writ of execution which had been theretofore issued out of the District Court of Nolan County on Wilson's interest in the Hill County land. Thereupon, Wilson sought and secured a permanent injunction against appellant and the sheriff enjoining them from proceeding with the execution sale, upon the ground that the property levied upon constituted the homestead of Wilson at the time the writ was levied.

Appellant then instituted this suit against Wilson and his wife in the District Court of Hill County on May 26, 1939, seeking a foreclosure of his asserted abstract of judgment lien on Wilson's undivided interest in the Hill County land. Wilson and wife answered with a plea of res adjudicata based upon the judgment in the injunction suit theretofore tried in the District Court of Nolan County, and a further claim that the premises against which foreclosure was sought constituted their homestead. Trial before the court without a jury resulted in judgment denying the foreclosure sought, but upon appeal to this court that judgment was reversed and the cause was remanded.

In their Third Amended Answer, upon which the present trial was had before a jury, appellees alleged fully and in detail, facts showing that the premises against which foreclosure was sought constituted Wilson's homestead at the time the abstract of judgment was recorded in Hill County. Upon the conclusion of the testimony appellant duly presented his motion for an instructed verdict, which was overruled. The court then submitted the case to the jury on two special issues, in response to which the jury found that at the time when the abstract of judgment was recorded in Hill County, on September 19, 1936, Wilson had the intention of using and occupying his share of his father's estate as a home for himself and family, and that Wilson and his wife, after the death of Wilson's father and before September 19, 1936, did certain acts preparatory to making their home upon Wilson's share of his father's estate. The court rendered judgment on the verdict, denying the foreclosure sought, and hence this appeal.

Appellant says in effect the judgment appealed from should be reversed and here rendered in his favor because the pleadings and evidence on the present trial were insufficient as a matter of law to serve as a basis for the verdict and judgment establishing the homestead exemption claimed. He also complains of alleged improper remarks and arguments of counsel for appellees to the jury.

Upon the present trial Wilson testified that it was his intention on and prior to September 19, 1936 to live upon the land which he had inherited from his father and make the same his homestead; that he had talked to his father prior to the latter's death with reference to making said land his homestead and had asserted his intention at that time to do so; and that he had continuously intended at all times thereafter to make said land his homestead. He also testified to various overt acts which had been performed by him prior to September 19, 1936, preparatory to making his homestead on said land, such as improving and repairing the house and fences on the 60 acres he was to receive in the contemplated partition of his father's estate, planting shade trees and shrubbery thereon and arranging for the electrification thereof, and that he owned no property other than that which he was claiming as his homestead.

By referring to the opinion reported in Tex.Civ.App., 130 S.W.2d 317, it will be observed that the controlling issue upon that trial was whether Wilson's undivided 1/7th interest in his father's estate constituted his homestead on October 8, 1937, as there alleged by him. The controlling issue upon the present trial was whether the premises constituted Wilson's homestead on September 19, 1936, as alleged in his current pleading. The testimony of Wilson on the present trial was substantially the same as that given by him at the former trial, as set forth in the opinion to which reference has been made, the chief distinction being that on the former trial he testified, in accordance with his pleading, to his homestead intentions on October 8, 1937 and to overt acts performed by him prior to that date, whereas, on the present trial he testified, in accordance with his current pleadings, to his homestead intention on September 19, 1936 and to overt acts performed by him prior to the latter date. It was shown on the present trial that the estate of Wilson's father had been partitioned among the devisees under his will since the last trial, as reported in Tex.Civ.App., 163 S.W.2d 1063, and the particular 60 acres referred to in the testimony at the former trials had been actually set apart to Wilson. It appears that Mrs. Wilson has died since the last trial and her children have intervened in this suit as her heirs at law. However, her

testimony as given on the former trial was introduced in evidence again at the present trial. The testimony of other witnesses on the present trial was substantially the same as that given by them on the former trials.

After careful consideration of the record now before us, we have concluded that the pleadings and evidence on the present trial were sufficient to raise the special issues submitted to the jury and the findings of the jury on such issues formed a proper legal basis for the judgment of the court establishing the homestead exemption claimed by appellees and denying the foreclosure sought by appellant. Stevenson v. Wilson, Tex.Civ.App., 130 S.W.2d 317, error refused and authorities; Stevenson v. Wilson, Tex.Civ.App., 163 S.W.2d 1063 and authorities.

Upon the voir dire examination of the jury panel, counsel for appellees stated in substance that appellant had already caused some of Wilson's property to be sold and was now trying to subject more of his property to forced sale. During the argument of the case to the jury, counsel for appellees stated in effect that appellant and his counsel "have been on Wilson ever since the judgment was recovered against him in 1932"; that appellant's counsel had not read to the jury on the present trial the cross-examination of Mrs. Wilson on the former trial because they did not want to uncover anything detrimental to their case; and that "if the jury says there were no acts done before September 19, 1936 the court will just have to throw Mr. Wilson and his daughter off of the only piece of property they own." Counsel for appellant objected to each of the foregoing statements at the time each was made, upon various grounds, the court sustained each of the objections so made and specifically instructed the jury in each instance not to consider the same for any purpose. Thereafter, in his main charge the court again instructed the jury, in general terms, to answer the special issues therein submitted from the evidence and without reference to the legal effect thereof.

Appellant says the foregoing statements were not only improper but were each so prejudicially erroneous as to require a reversal of the judgment, notwithstanding the court instructed the jury not to consider the same. We cannot agree with the contentions thus urged for reasons to be noted briefly.

It was agreed on the trial that appellant had caused some of Wilson's property to be sold under execution issued on the Nolan County judgment and that the property here involved constituted the homestead of appellees on and at all times after October 8, 1937. We think the evidence adduced on this trial was sufficient to raise an inference that appellant has been attempting, rather consistently, to enforce collection of his judgment against Wilson at all times since its rendition in 1932.

Although it is ordinarily not proper for counsel to advise the jury as to the legal effect which their answers to special issues may have upon the rights of the parties to a suit, it must have been readily apparent in this case to the jury, as men of ordinary intelligence, that a negative answer to either of the special issues submitted would necessarily result in judgment for appellant. Oilmen's Reciprocal Ass'n v. Hayes, Tex.Civ.App., 295 S.W. 675, pt. 4, error dismissed; United States Fidelity & Guaranty Co. v. Brandon, Tex.Civ.App., 31 S.W.2d 846, pt. 6 and authorities; Bates v. J. D. McCollum Lumber Co., Tex.Civ.App., 107 S.W.2d 1107, pt. 5.

Assuming, however, that all of the remarks and arguments against which complaint is here made were improper, it reasonably appears to us from the entire record that the jurors followed the court's instructions and based their findings fairly and impartially upon a preponderance of the evidence adduced under the rulings of the trial court without any conscious effort on their part to answer either of the two special issues submitted to them in such manner as to return a general verdict for or against appellant or appellees. Shaw v. Porter, Tex.Civ.App., 190 S.W.2d 396, pt. 7, error refused w. m.

Finding no reversible error, all of appellant's points are overruled and the judgment of the court below is affirmed.